HELEN LONG AND RAY LONG, Appellants, v. DOROTHY A. TOWNE AND STEAMBOAT MOBILE HOMEOWNERS ASSOCIATION, Respondents.

No. 12849

January 28, 1982                              639 P.2d 528

*Paul A. Richards,* Reno, for Appellants.

*Woodburn, Wedge, Blakey & Jeppson,* by *Suellen E. Fulstone* and *William E. Peterson,* Reno, for Respondents.

12

## OPINION

*Per Curiam:*

Appellants Helen and Ray Long purchased a lot in Steamboat Springs Estates, a mobile home park, from respondent Dorothy A. Towne.[1] When they signed the contract of sale, the Longs received a copy of the Declaration of Covenants, Conditions and Restrictions (CC&Rs). Among other things, the CC&Rs established the Steamboat Mobile Homeowners Association (the Association), respondent herein, and gave the Association authority to assess and collect fees. The Association was also given authority to file a lien on a member's property for failure to pay the assessment and to enforce the lien by a foreclosure sale.[2]

Mrs. Long repeatedly refused to pay the monthly assessment of $10.00. In January 1978, the Association filed a lien against the Longs' property for the amount of the past due assessments. Because the assessments remained unpaid, on March 8, 1978, the Association served upon Mrs. Long a notice of default and election to sell. Four months later, on July 17, 1978, the Association served a notice of sale. The sale was conducted on August 17, 1978, and Towne purchased the property for $3,000.00.[3]

On September 15, 1978, the Longs filed this lawsuit seeking to set aside the lien foreclosure sale. The district court granted summary judgment in respondents' favor. In this appeal, the Longs do not dispute the fact that all notices to them were properly given and that the sale was properly conducted. They contend that Mrs. Long was confused and that she thought that by paying off the deed of trust to Towne, she had also satisfied the Association's lien.

---

[1] The Longs are separated and Mr. Long never resided on the property.

[2] Nevada law expressly permits enforcement of assessment liens by sale by the organization. NRS 278A.150; 278A.160; 107.030; 107.080.

[3] On June 29, 1978, Mrs. Long had paid Towne in full for the lot.

1. The Longs first contend that respondents Towne and the Association committed constructive fraud in holding the lien foreclosure sale. Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence. Sec. Nat. Bank v. Peters, Writer & Christensen, Inc., 569 P.2d 875 (Colo.App. 1977); Loucks v. McCormick, 424 P.2d 555 (Kan. 1967); Braselton v. Nicolas & Morris, 557 S.W.2d 187 (Tex.Civ.App. 1977). Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship. In re Guardianship of Chandos, 504 P.2d 524 (Ariz.App. 1972). A "confidential or fiduciary relationship" exists when one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. Paskvan v. Mesich, 455 P.2d 229 (Alaska 1969); Stevens v. Marco, 305 P.2d 669 (Cal.App. 1956); Ford v. Guarantee Abstract and Title Co., Inc., 553 P.2d 254 (Kan. 1976).

In this case, the Longs reposed no special confidence in Towne. In fact, Mrs. Long stated that she did not trust Towne. Moreover, the relationship between the Longs and Towne was no more than that of vendor-vendee. Generally, no fiduciary obligations exist between a buyer and seller of property. *See* Klinger v. Hummel, 464 P.2d 676 (Ariz.App. 1970); Dugan v. Jones, 615 P.2d 1239 (Utah 1980). The evidence is equally clear that the Longs reposed no confidence in the Association. Mrs. Long termed her refusal to pay the Association's assessments an "act of rebellion." Furthermore, neither Towne nor the Association misrepresented or concealed any material fact. The Longs cannot prevail on their constructive fraud theory.

2. In conjunction with their claim of constructive fraud, the Longs contend that the price paid at the foreclosure sale was inadequate. Mere inadequacy of price is not sufficient to justify setting aside a foreclosure sale, absent a showing of fraud, unfairness or oppression. Turner v. Dewco Services, Inc., 87 Nev. 14, 479 P.2d 462 (1971); Brunzell v. Woodbury, 85 Nev. 29, 449 P.2d 158 (1969); Golden v. Tomiyasu, 79 Nev. 503, 387 P.2d 989 (1963), *cert. denied,* 382 U.S. 844 (1965). The Longs have made no such showing in this case.

3. Finally, citing Slobe v. Kirby Stone, Inc., 84 Nev. 700,

14

447 P.2d 491 (1968); Moore v. Prindle, 80 Nev. 369, 394 P.2d 352 (1964); and Mosso v. Lee Et Al., 53 Nev. 176, 295 P. 776 (1931), the Longs contend that the sale of their lot was a forfeiture. These cases are clearly distinguishable in that each involved a contract with a forfeiture clause allowing the seller, upon default, to recover the land and retain all previously made payments. Here, the lien foreclosure sale was conducted under authority of the CC&Rs and in compliance with NRS 107.080. The Longs had acutal notice of the sale and received the excess of the sale price over the amount of the Association's lien and costs. There simply was no forfeiture in this case. In fact, in Moore v. Prindle, *supra,* this court implied that a lien foreclosure sale conducted in accordance with NRS 107.080 is an equitable alternative to forfeiture. 80 Nev. at 377, 394 P.2d at 357.

Affirmed.