Springer, J.,
dissenting:
The jury in this case gave a blanket award to the plaintiff based, apparently, on three, unrelated different theories of action, “breach of confidential relationship” which respondent claims is the same as “constructive fraud,” breach of a management contract and breach of the covenant of good faith and fair dealing. The jury arrived at a verdict of $105,000.00, which in some unknown way the jury must have tied into the tort claim (constructive fraud), the breach of contract claim (the management contract) and a bad faith (tort or contract?) claim. I do not worry much about the jury’s awarding one lump sum for three entirely different and unrelated claims because it is quite obvious that the tort claim and the bad faith claim are not supported by the facts and that these claims can be eliminated from serious consideration.
The facts out of which the supposed constructive fraud tort claim arises are that Perry and Jordan were friends and that Perry charged Jordan too much when she sold her store to her. Jordan claims that she has here “essentially a claim of constructive fraud.” “Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship.” Long v. Towne, 98 Nev. 11, 13, 639 P.2d 528, 530 (1982). In this case there has been no showing of a fiduciary or confidential relationship between Perry and Jordan. An action for breach of confidential relationship does not arise simply out of one friend’s selling another property, even at an exorbitant price (unless of course one of the friends is incapacitated by drunkenness, mental incapacity or some other factor which would create a special duty of good faith and honor upon the other friend).
This is clearly not a case, in either contract or tort, of the *950 breach of the covenant of good faith and fair dealing. A good faith covenant case in tort “requires a special element of reliance or fiduciary duty . . . .” Hilton Hotels v. Butch Lewis Productions, 107 Nev. 226, 234, 808 P.2d 919, 923 (1991). As has already been noted, there was no special reliance or fiduciary duty shown in this case. In a contract situation, a breach of the good faith covenant arises “[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are denied.” Id. In this case, it would have to have been shown that Perry somehow performed her part of the sales contract in such a way that Jordan’s expectations were thwarted. It is impossible to make a breach of the good faith covenant action out of a simple purchase and sale contract, just because the purchaser claims that the purchase price was too high.
The only possibility of recovery here is on the action for breach of the management contract. When the parties agreed on the purchase and sale of the business, it appears that they planned to enter into a management contract whereby Perry would manage the business for a management fee of $5,000.00 per month. I find in the record no evidence of an actual written or oral contract to this effect; and certainly if there were such an agreement there is no specification of the duration of such contract. At best, there seems to have been an understanding that Perry would continue to run the business for as long as Jordan was willing to pay her $5,000.00 per month for doing so. After a series of misunderstandings Jordan hired a new manager for her store and Perry left. If there was a management contract between these two parties, the only term agreed upon was that of a management fee; and when Jordan became dissatisfied with this arrangement she got herself a new manager. Probably the jury thought that Jordan was in some way victimized in this whole transaction, but this did not entitle the jury to award damages for breach of contract on a supposed management contract. Even less did it entitle the jury to pick $105,000.00 dollars out of the air and give it to Jordan as damages for breach of the nonexistent management contract. Not only did Jordan fail to prove either the existence or the breach of a management contract, she failed to prove any damages related to a management contract. What Jordan sought in this lawsuit was restitution relating to certain amounts paid out by her. Jordan never asked for damages for breach of management contract as such, and she is not entitled to recover damages for such a breach, because she has proven no breach of management contract damages, if for no other reason.
I would reverse the judgment and enter judgment for Perry.