FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEEPING HOLLOW AVENUE TRUST, *Plaintiff-Appellant,* v. ASHLEY B. SPENCER, an individual; WELLS FARGO BANK, NA, *Defendants-Appellees.* | No. 13-16060 D.C. No. 2:13-cv-00544-JCM-VCF OPINION |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 13, 2016
San Francisco, California

August 2, 2016

Before: J. Clifford Wallace, Dorothy W. Nelson,
and John B. Owens, Circuit Judges.

Opinion by Judge Wallace

## SUMMARY*

### Foreclosure / Diversity Jurisdiction

The panel reversed the district court's judgment because the district court improperly exercised diversity jurisdiction, and remanded with instructions that the district court remand to state court a case that challenged the constitutionality of Nev. Rev. Stat. § 116.3116(2)-(3)(2012), which gives a homeowners' association ("HOA") lien priority over "all other liens and encumbrances" for up to nine months of unpaid HOA fees.

At an HOA foreclosure sale of Ashely Spencer's real property, Weeping Hollow Avenue Trust purchased the property. Two months after the HOA foreclosure sale, Wells Fargo Bank, NA attempted to foreclose on the property under its deed of trust. Weeping Hollow filed a quiet title action in Nevada state court, and Wells Fargo removed the case to federal court based on diversity jurisdiction. Although Weeping Hollow and Spencer were both citizens of Nevada, the district court concluded it could nonetheless exercise diversity jurisdiction because Weeping Hollow had fraudulently joined Spencer as a defendant.

The panel held that the district court erred in applying the fraudulent-joinder doctrine to this case. Specifically, the panel held that Wells Fargo had not met its heavy burden of showing that Weeping Hollow could not sustain its quiet title claim under Nevada state law against Spencer. Given the

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Nevada Supreme Court's holding that a former homeowner may challenge an HOA foreclosure sale on equitable grounds, the panel concluded that it was entirely reasonable for Weeping Hollow to join Spencer as a defendant to avoid potential disputes over who had title to the property. The panel held that because Spencer was not shown to be fraudulently joined, her presence in the action divested the district court of diversity jurisdiction.

## COUNSEL

Jacqueline A. Gilbert (argued), Kim Gilbert Ebron, Las Vegas, Nevada; Kerry P. Faughnan, Law Offices of Kerry P. Faughnan, North Las Vegas, Nevada; for Plaintiff-Appellant.

Andrew M. Jacobs (argued), Snell & Wilmer LLP, Tucson, Arizona; Kelly H. Dove, Snell & Wilmer, LLP, Las Vegas, Nevada; for Defendant-Appellee Wells Fargo Bank, N.A.

No appearance for Defendant-Appellee Ashley B. Spencer.

## OPINION

WALLACE, Senior Circuit Judge:

Nevada has a statute that gives a homeowners' association lien priority over "all other liens and encumbrances" (subject to some limited exceptions) for up to nine months of unpaid HOA fees. NEV. REV. STAT. § 116.3116(2)–(3) (2012). This statute has engendered substantial litigation in both state and federal courts. *See, e.g.*, *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174 (D. Nev. 2015); *SFR*

*Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014). In this case, Wells Fargo Bank, NA (Wells Fargo) asks us to invalidate the statute on constitutional grounds, arguing that it violates due process and the Takings Clause. We decline to reach those arguments, however, because the district court improperly exercised diversity jurisdiction. Thus, we reverse the district court's judgment and remand the case to the district court with instructions that the court remand the case to state court.

## I.

This case concerns a dispute between the parties over who has priority ownership of property located in Las Vegas, Nevada. In late 2008, Ashley Spencer bought the property using a $166,961 loan she obtained from PrimeLending. PrimeLending recorded the deed of trust it received from Spencer as security for the loan, placing it in first priority position over the property. Almost four years later, PrimeLending assigned its interest in the property to Wells Fargo.

Soon after buying the property, Spencer fell behind on both her mortgage and homeowners' association (HOA) fees. After not receiving Spencer's HOA fees, the HOA filed a lien on Spencer's property. A few months later, the HOA foreclosed on the property under its lien. It then held a foreclosure sale on October 5, 2012, resulting in Plaintiff-Appellant Weeping Hollow Avenue Trust (Weeping Hollow) purchasing the property for $3,004.

Just over two months after the HOA foreclosure sale, Wells Fargo attempted to foreclose on the property under its 2008 deed of trust. Weeping Hollow then filed an action in

state court against Spencer, Wells Fargo, and a title insurance company, seeking to quiet title and obtain declaratory relief. Wells Fargo removed the case to federal court. It did so even though Weeping Hollow and Spencer are both citizens of Nevada, thus appearing to have foreclosed the federal district court from exercising diversity jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("The current general-diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). The federal district court concluded it nonetheless could exercise diversity jurisdiction over the case because Weeping Hollow had fraudulently joined Spencer as a defendant. The district court then granted Wells Fargo's motion to dismiss Weeping Hollow's complaint. In so doing, it concluded that the 2012 HOA foreclosure sale did not extinguish Wells Fargo's 2008 deed of trust. Central to this conclusion was the district court's interpretation of section 116.3116(2)(c) (2012) of the Nevada Revised Statutes.[1] That section makes HOA liens superior "to all security interests . . . to the extent of any charges incurred by the [HOA]." The district court refused to interpret this section so that foreclosure of an HOA lien would extinguish an earlier-recorded security interest (such as Wells Fargo's in this case). Rather, the district court concluded that the section "creates a limited super priority lien for 9 months of HOA assessments

---

[1] In 2013 and 2015, Nevada's legislature amended the HOA statute. *See* 2015 Nev. Laws Ch. 266 (S.B. 306); 2013 Nevada Laws Ch. 552 (S.B. 280). But we apply the statute in its 2012 form because that was the version under which the parties operated. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994) (observing that "'the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place'" (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 855 (1990) (Scalia, J., concurring)).

leading up to the foreclosure of the first mortgage, but it does not eliminate the first security interest."

After the district court issued its ruling, the Nevada Supreme Court issued an opinion that expressly abrogates the district court's interpretation of the HOA statute. Under the Nevada Supreme Court's holding, a foreclosure on an HOA lien extinguishes an earlier-recorded security interest even though the HOA lien was recorded later. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 414 (Nev. 2014).

## II.

Weeping Hollow now appeals from the district court's ruling dismissing its claims. It argues that the Nevada Supreme Court's opinion in *SFR Investments* requires us to reverse the district court's ruling. It further argues that the district court erred in holding that Spencer was fraudulently joined as a defendant.

Wells Fargo, for its part, does not defend the district court's ruling since there is no doubt the Nevada Supreme Court abrogated the court's analysis. But it argues we should affirm on three alternative grounds: (1) the HOA statute violates due process, (2) the HOA statute violates the Takings Clause, and (3) the HOA foreclosure sale is void because it was commercially unreasonable.

As always, before resolving any of the merits arguments, we must first "assure ourselves that we have jurisdiction." *Timbisha Shoshone Tribe v. U.S. Dept. of Interior*, 2016 WL 3034671, at *3 (9th Cir. May 27, 2016). This case made it into federal court because Wells Fargo removed it from state court by arguing that the federal district court could exercise

diversity jurisdiction. *See* 28 U.S.C. § 1441(a), (b). The diversity statute grants federal courts jurisdiction in cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). Since the earliest days of our Republic, the Supreme Court has interpreted this provision to require complete diversity of citizenship. *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806). The Court has "adhered to that statutory interpretation ever since." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The upshot is that a federal court may exercise diversity jurisdiction "only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

If all that were at issue in this case was the complete diversity rule, we could easily conclude the district court lacked jurisdiction because Weeping Hollow and Spencer are not diverse: both are citizens of Nevada. But there is more. In the early 1900s, the Supreme Court created the fraudulent-joinder doctrine as a gloss on the complete-diversity rule. *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906) ("Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals"). The Court has not often revisited the doctrine since, however, and so the lower courts have been tasked with deciphering the doctrine's boundaries. *See* E. Farish Percy, *Making a Federal Case of it: Removing Civil Cases to Federal Court Based on Fraudulent Joinder*, 91 IOWA L. REV. 189, 206 (2005).

Our court has explained that under the fraudulent-joinder doctrine, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Thus, while a showing of actual fraud would be sufficient to invoke the doctrine, the term "fraudulent joinder" is somewhat of a "misnomer," since in most cases the focus will be on whether the plaintiff can "state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction." 13F C. WRIGHT & A. MILLER ET AL., FED. PRAC. & PROC. JURIS. § 3641.1 (3d ed.). In any event, we have made it clear that the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

Here, Wells Fargo invoked the doctrine of fraudulent joinder, and it therefore bears the heavy burden of showing that Weeping Hollow obviously failed to state a cause of action against Spencer. To determine if Wells Fargo has carried its heavy burden, we must examine Nevada state law. *See Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015).

Section 40.010 of the Nevada Revised Statutes governs quiet title actions in Nevada. *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). It provides that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NEV. REV. STAT. § 40.010. The Nevada Supreme Court has held that a quiet title action

under section 40.010 is "an in rem or quasi in rem proceeding" because "its essential purpose is to establish superiority of title in property." *Chapman*, 302 P.3d at 1106. Accordingly, "[a] plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Id.* (internal quotation marks and citation omitted). Therefore, for Weeping Hollow to succeed on its quiet title action, it needed to show that its claim to the property was superior to all others.

Given that Weeping Hollow needed to show it had superior claim to all others, it was reasonable for it to join Spencer as a defendant in this action. While the district court correctly pointed out that Weeping Hollow's purchase of the property at the foreclosure sale extinguished Spencer's property rights, *see* NEV. REV. STAT. § 116.31166(3), Spencer nonetheless could have challenged the foreclosure sale from which Weeping Hollow gained title on grounds "of fraud, unfairness or oppression." *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982). In fact, just earlier this year, the Nevada Supreme Court reaffirmed *Long*, holding that "in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1107 (Nev. 2016). Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale. NEV. REV. STAT. § 11.070. Faced with the possibility that Spencer may later assert a claim to the property by arguing that the HOA foreclosure sale should be set aside on equitable grounds, Weeping Hollow reasonably chose to join her as a defendant in its action for quiet title and declaratory relief.

Wells Fargo argues that Weeping Hollow's failure to serve Spencer with process demonstrates that she was fraudulently joined. But Wells Fargo fails to recognize that the time limit for serving Spencer had not elapsed when the district court issued its order dismissing the case. Under Rule 4(I) of the Nevada Rules of Civil Procedure, Weeping Hollow had 120 days to serve Spencer with a summons. Weeping Hollow's failure to serve Spencer by the time the district court issued its ruling cannot be held against it since the time for doing so had not elapsed.

Wells Fargo also argues that there is no possibility that Spencer could have made any claim to the property since Nevada's HOA statute provides that the homeowner has no right of redemption. NEV. REV. STAT. § 116.31166(3). But while there is no statutory right to redemption, the Nevada Supreme Court has explained that "a plaintiff not in possession still may seek to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes." *Shadow Wood HOA*, 366 P.3d at 1111. Thus, although Spencer had no statutory right to redemption, she could still assert an interest in the property by challenging the HOA foreclosure sale on equitable grounds.

We do not, and need not, hold that Spencer would succeed in challenging the HOA foreclosure sale on equitable grounds. Indeed, we are unaware of any "fraud, unfairness or oppression" that might have infected the sale. *Long*, 639 P.2d at 530. But that is not the issue before us. The question before us is whether Wells Fargo met its heavy burden of showing that Weeping Hollow could not sustain its quiet title claim against Spencer. Given the Nevada Supreme Court's holding that a former homeowner may challenge an HOA foreclosure sale on equitable grounds, we conclude that it was entirely

reasonable for Weeping Hollow to join Spencer as a defendant to avoid potential disputes over who had title to the property. We therefore hold that the district court erred in applying the fraudulent-joinder doctrine to this case. Because Spencer was not shown to be fraudulently joined, her presence in the action divests the district court of diversity jurisdiction and the district court must remand the case to state court.

Since this case should never have made it into federal court, we have no reason to address Wells Fargo's constitutional and state-law arguments.

**REVERSED AND REMANDED WITH INSTRUCTIONS TO REMAND TO STATE COURT.**