NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 01 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ZYZZX 2,

        Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.; et al.,

        Defendants-Appellees.

No. 16-15681

D.C. No. 2:13-cv-01307-JCM-PAL

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 18, 2017
San Francisco, California

Before:  HAWKINS, W. FLETCHER, and TALLMAN, Circuit Judges.

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Zyzzx 2 appeals the district court's denial of its motion to remand. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. We review the district court's denial of a motion to remand a removed case de novo. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998).

Zyzzx 2 purchased real property at a foreclosure sale and filed an action in Nevada state court to quiet title. Wells Fargo removed the case to federal court on the basis of diversity jurisdiction. The district court found that removal was proper because Arlene Dizon, the property's former owner and the sole non-diverse defendant, had been fraudulently joined. A district court may disregard the citizenship of a fraudulently joined defendant in determining whether diversity jurisdiction is present. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing *Morris v. Princess Cruises Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

The district court erred in finding that Dizon was fraudulently joined. In *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110 (9th Cir. 2016), we held under analogous circumstances that a former homeowner was not fraudulently joined to a quiet title action following a foreclosure sale. *Id.* at 1113–14. As in *Weeping Hollow*, Dizon retained the ability to challenge the foreclosure sale in

equity at the time of the quiet title action. *See id.* Therefore, as a potential claimant to the property, she was properly joined to Zyzzx 2's suit. *Id.* at 1114.

However, a district court's failure to remand a case that is improperly removed is not fatal if the jurisdictional defect is cured by the time that judgment is entered. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1994). In this case, Zyzzx 2 failed to serve Dizon with process within 120 days, even after the district court directed it to do so or face dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1] Nor did Zyzzx 2 attempt to demonstrate good cause for the failure. Because complete diversity existed at the time the district court's judgment was entered, we affirm the district court.

**AFFIRM.**

---

[1] Rule 4(m) was amended in 2015 to require service within 90 days. Fed. R. Civ. P. 4(m) (2015).

3