**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELICIA TUITAMA; LILOI TUITAMA, | No. 17-56312 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-03084-MWF-JPR |
| v. | |
| U.S. BANK, N.A., as Trustee for Lehman XS Trust Mortgage Pass-through Certificates, Series 2005-5N; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, SILVERMAN, and M. SMITH, Circuit Judges.

Felicia Tuitama and Liloi Tuitama appeal pro se from the district court's

order dismissing their diversity action alleging state law claims arising from

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the existence of subject matter jurisdiction. *Attorneys Tr. v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594 (9th Cir. 1996). We vacate and remand.

The district court dismissed the Tuitamas' first amended complaint based on res judicata and failure to state a claim. However, the district court did not address the Tuitamas' allegations that the district court lacked subject matter jurisdiction based on the citizenship of defendants named in the first amended complaint. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). We vacate and remand for the district court to address whether it had subject matter jurisdiction, and in doing so express no opinion as to whether any defendants were fraudulently joined after removal from state court. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (the citizenship of a fraudulently joined, non-diverse defendant is not considered for purposes of determining diversity).

**VACATED and REMANDED.**

17-56312