NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTORIA GIAMPA,

Plaintiff-Appellant,

v.

MIDFIRST BANK; et al.,

Defendants-Appellees.

No.     17-17438

D.C. No. 2:17-cv-01208-MMD-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Victoria Giampa appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Giampa's Racketeer Influenced and Corrupt Organizations Act ("RICO"), Fair Debt Collection Practices Act ("FDCPA"), cancellation of assignment, lack of standing to foreclose, quiet title, slander of title, and civil conspiracy claims because Giampa failed to allege facts sufficient to show that defendants lacked authority to foreclose or that the assignments were defective. *See* 15 U.S.C. § 1692f(6) (listing unfair or unconscionable conduct in the context of foreclosure proceedings); Nev. Rev. Stat. § 40.010; *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (elements of a RICO claim); *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (per curiam) ("[T]he homeowner . . . lacks standing to challenge the validity of [a voidable] loan assignment."); *McKnight Family, LLP v. Adept Mgmt. Servs. Inc.*, 310 P.3d 555, 559 (Nev. 2013) (elements of quiet title and slander of title claims under Nevada law); *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260-61 (Nev. 2012) (explaining that Nevada law permits the severance and independent transfer of deeds of trusts and promissory notes without impairing the loan beneficiary's right to ultimately foreclose, and that MERS's assignment of the deed of trust along with the promissory note demonstrates valid transfer of both

17-17438

instruments); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Giampa's fraud-based claims because Giampa failed to satisfy the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (holding that circumstances constituting fraud must be stated with particularity).

Dismissal of Giampa's claim under the Nevada Deceptive Trade Practices Act was proper because Giampa failed to allege facts sufficient to state a claim. *See* Nev. Rev. Stat. §§ 598.0915, 598.092 (defining deceptive trade practices); *see also Iqbal*, 556 U.S. at 678.

The district court properly dismissed Giampa's breach of contract and "unconscionable contract" claims because Giampa failed to allege facts sufficient to show that defendants breached the contract, and that the contract was unconscionable. *See Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 514 P.2d 654, 657 (Nev. 1973) ("A contract is unconscionable only when the clauses of that contract and the circumstances existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent party."); *Richardson v. Jones & Denton*, 1 Nev. 405, 408 (Nev. 1865) (elements of breach of contract

claim under Nevada law); *see also Iqbal*, 556 U.S. at 678.

The district court properly dismissed Giampa's breach of fiduciary duty claim because Giampa failed to allege facts sufficient to show that the lender owed her a fiduciary duty. *See Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) (per curiam) (defining a fiduciary relationship).

Because all of Giampa's claims were properly dismissed, the district court properly dismissed Giampa's request for declaratory and injunctive relief because Giampa had no claim upon which to request relief or remedies. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary relief would have no practical consequences, and the issue is therefore moot); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (in order "[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction").

Contrary to Giampa's contention, any error in denying as moot Giampa's objection to National Default Servicing Corporation's declaration of non-monetary status was harmless because all claims against this defendant were properly dismissed.

We reject as unsupported by the record Giampa's contention regarding her entitlement to Rule 11 sanctions and defendants' alleged failure to file a

17-17438

memorandum of points and authorities in response to her motions.

The district court did not abuse its discretion by taking judicial notice of the title documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard review and explaining the circumstances in which the district court may take judicial notice of documents extraneous to the pleadings in ruling on a motion to dismiss for failure to state a claim).

**AFFIRMED.**