129 Nev., Advance Opinion 64

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MCKNIGHT FAMILY, LLP, Appellant, vs. ADEPT MANAGEMENT SERVICES, INC.; NEVADA ASSOCIATION SERVICES, INC.; TORREY PINES HOMEOWNERS ASSOCIATION; AND DESIGN 3.2 LLC, Respondents. | No. 56527 |
| ADEPT MANAGEMENT SERVICES, INC., A NEVADA NONPROFIT CORPORATION; NEVADA ASSOCIATION SERVICES, INC.; AND TORREY PINES HOMEOWNERS ASSOCIATION, Appellants, vs. MCKNIGHT FAMILY, LLP, Respondent. | No. 57182 |

**FILED**

OCT 03 2013

Consolidated appeals from a district court order dismissing a complaint pursuant to NRS 38.310 and from a post-judgment order denying a motion for attorney fees and costs. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

*Affirmed in part, reversed in part, and remanded.*

James S. Kent, Ltd., and James S. Kent, Las Vegas,
for McKnight Family, LLP.

Gibbs, Giden, Locher, Turner, Senet & Wittbrodt LLP and Rich Haskin, Becky A. Pintar, and Airene Haze, Las Vegas,
for Adept Management Services, Inc., Nevada Association Services, Inc., and Torrey Pines Homeowners Association.

13-29449

Design 3.2 LLC,
in Proper Person.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, DOUGLAS, J.:

After unsuccessful settlement negotiations regarding a dispute over unpaid property assessments, respondents/appellants Torrey Pines Homeowners Association, Adept Management, and Nevada Association Services (collectively, TP HOA) sold appellant/respondent McKnight Family, LLP's properties at a trustee sale. Design 3.2 purchased one of the properties.

McKnight filed a complaint naming TP HOA and Design 3.2 as defendants and a motion to set aside the sale based on improper notice. The district court entered a default judgment against Design 3.2 for failing to timely answer McKnight's complaint; however, the court later set aside the default.

The district court denied McKnight's motion to set aside the sale, determining that TP HOA properly served McKnight. Further, the district court dismissed McKnight's complaint because the court determined that, pursuant to NRS 38.310, the claims should have been submitted to a form of alternative dispute resolution before being brought in district court.

While the district court was correct in determining that most of McKnight's claims were subject to NRS 38.310, we conclude that the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

district court erred to the extent that it dismissed McKnight's claim for quiet title because that claim was not subject to NRS 38.310. Accordingly, we reverse the dismissal of McKnight's quiet title claim. In light of this determination, we also reverse the district court's order denying the motion to set aside the trustee's sale.

## FACTS

McKnight owned two properties in a housing community managed by TP HOA. TP HOA placed a lien on McKnight's properties under NRS 116.3116 after a dispute over allegedly unpaid assessments. In response, McKnight filed a complaint and an ex parte application for a temporary restraining order. McKnight alleged seven claims in its complaint, including one for injunctive relief. The district court granted the temporary restraining order and set a preliminary injunction hearing. However, the parties agreed to engage in settlement negotiations and signed a stipulation to halt all litigation and foreclosure proceedings for 30 days. As a result, the preliminary injunction hearing was taken off the court's calendar.

The settlement negotiations were unsuccessful, and TP HOA sold the properties at a trustee's sale. In response, McKnight filed an amended complaint alleging seven claims: (1) preliminary/permanent injunction, (2) negligence, (3) breach of contract, (4) violation of NAC 116.300,[1] (5) violation of NAC 116.341,[2] (6) violation of NRS 116.1113 and

---

[1]The Nevada Administrative Code has since been revised. This provision was recodified at NAC 116A.320.

[2]Recodified at NAC 116A.345.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

NRS 116.3103, and (7) slander of title/wrongful foreclosure/quiet title. All seven claims were alleged in the original complaint; the only difference in the amended complaint was McKnight's addition of Design 3.2, LLC, as a defendant because Design 3.2 purchased one of the properties at the trustee's sale.

The district court entered a default judgment against Design 3.2 for failing to timely answer McKnight's complaint but later set aside the judgment. The parties briefed and argued the default judgment issue at an evidentiary hearing. At the hearing, Design 3.2 argued that the district court should set aside the default judgment because McKnight did not properly serve it with the amended complaint. The district court determined it would set aside the default judgment due to the Nevada Supreme Court's "liberal" attitude regarding setting aside a default if the motion to set aside the default is brought within "the six-month time frame." The district court later issued an order granting Design 3.2's motion to set aside the default, but did not determine whether McKnight properly served Design 3.2.

Additionally, McKnight requested that the district court set aside the trustee's sale due to improper notice. McKnight alleged that TP HOA did not send notice of the sale via certified or registered mail, as Nevada law requires. In response, TP HOA filed a notice of compliance with the district court, which included two notices of delinquent assessment, two notices of default and election to sell, and two notices of sale. Additionally, the document contained several receipts for certified mail and sworn affidavits stating that each notice was sent to McKnight via certified mail. In light of the evidence TP HOA presented, the district

SUPREME COURT
OF
NEVADA

(O) 1947A

4

court determined that TP HOA provided McKnight with proper notice of the sale and denied McKnight's motion to set aside the trustee's sale.

Further, the district court dismissed McKnight's amended complaint because it determined the parties were required to participate in alternative dispute resolution under NRS 38.310 before McKnight could bring the claims in district court.

After the district court dismissed McKnight's complaint, TP HOA moved for attorney fees. The district court denied the motion without prejudice, pending the resolution of this appeal.[3]

## DISCUSSION

### *The district court erred in dismissing McKnight's entire complaint*

The district court's decision to dismiss McKnight's complaint pursuant to NRS 38.310 involves an issue of statutory interpretation; thus, we review this issue de novo. *See Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 290, 295, 183 P.3d 895, 899 (2008).

NRS 38.310 states:

> 1. No civil action based upon a claim relating to:
>
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . .
>
> . . . .
>
> may be commenced in [state court] unless the action has been submitted to mediation or

---

[3]Our decision to reverse and remand this matter for further proceedings renders the attorney fees issue moot. *See Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010).

arbitration pursuant to the provisions of NRS 38.300 to 38.360, inclusive . . . .

Under NRS 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."

McKnight argues that NRS 38.310(2) prohibits the district court from dismissing a complaint once it commences, irrespective of whether the complaint violates NRS 38.310(1). NRS 38.310(2) states that "[a] court shall dismiss any civil action which is commenced in violation of the provisions of [NRS 38.310(1)]." McKnight's argument is meritless because NRS 38.310(2)'s language does not determine when a court can dismiss a civil action; rather, it mandates the court to dismiss any civil action initiated in violation of NRS 38.310(1). Therefore, the district court had the authority to dismiss the complaint. The only remaining issue regarding the complaint is whether the district court erred in dismissing every claim. To make such a determination, we must analyze each claim under NRS 38.310.

An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her property. In *Hamm*, this court determined that a lien on a property does not present an immediate danger of irreparable harm nor is it related to an individual's title to property for NRS 38.310 purposes because a lien exists separate from the property, and the right to use and dispose of the property remains with the owner until the lien is enforced at foreclosure proceedings. 124 Nev. at 298-99, 183 P.3d at 901-02. Contrarily, this court determined that a threat of foreclosure constitutes a danger of

irreparable harm because land is unique. *Id.* at 297, 183 P.2d at 901. With these principles in mind, we now analyze the claims McKnight alleged in its amended complaint.

*Injunctive relief claim*

The injunctive relief claim was properly dismissed because McKnight did not face an immediate threat of irreparable harm. The amended complaint superseded all claims for relief alleged in the original complaint. *See Las Vegas Network, Inc. v. B. Shawcross & Assocs.*, 80 Nev. 405, 407, 395 P.2d 520, 521 (1964). McKnight filed its amended complaint after TP HOA sold the properties at the trustee sale; thus, McKnight no longer faced the foreclosure threat. Without some immediate threat of a future irreparable harm, the injunctive relief claim is subject to NRS 38.310. Therefore, the district court properly dismissed it. *See Hamm*, 124 Nev. at 297-98, 183 P.3d at 901.

*Negligence, breach of contract, NAC, and NRS claims*

The negligence, breach of contract, NAC, and NRS claims are civil actions as defined in NRS 38.300. Therefore, the district court properly dismissed these claims. The negligence claim does not affect the title to the properties, rather it concerns payments McKnight made to TP HOA. The breach of contract claim is related to obligations and duties set forth in the CC&Rs, and the alleged NAC and NRS violations required the district court to interpret regulations and statutes that contained conditions and restrictions applicable to residential property. Thus, these claims fell under NRS 38.310's purview. Additionally, McKnight sought money damages for its NRS claims, so those claims are civil actions as defined in NRS 38.300(3).

*Slander of title*

Slander of title involves false and malicious communications that disparage a person's title in land and cause special damages. *Higgins v. Higgins*, 103 Nev. 443, 445, 744 P.2d 530, 531 (1987). Slander of title is an NRS 38.300(3) civil action because it exists separate from the title to land. Similar to the lien in *Hamm*, slander of title may cloud an individual's title, perhaps resulting in a lower sale price. *See Hamm*, 124 Nev. at 298-99, 183 P.3d at 901-02. However, slander of title does not infringe upon an individual's right to use or dispose of his or her property. Thus, the district court correctly dismissed this claim because the claim is subject to NRS 38.310 and must be submitted to alternative dispute resolution prior to being brought in district court.

*Wrongful foreclosure*

Wrongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property. *See Long v. Towne*, 98 Nev. 11, 14, 639 P.2d 528, 530 (1982) (finding no impropriety where "the lien foreclosure sale was conducted under authority of the CC&Rs and in compliance with NRS 107.080"). A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself. *See Collins v. Union Fed. Sav. & Loan*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983). To determine whether an individual violated any conditions or failed to perform any duties required under an association's CC&Rs, a court must interpret the CC&Rs to determine their applicability and enforceability regarding the individual. This type of interpretation falls

under NRS 38.310. Therefore, the court acted properly in dismissing the wrongful foreclosure action.

### Quiet title claim

Unlike McKnight's other causes of action, the quiet title claim is exempt from NRS 38.310. A quiet title claim requires the court to determine who holds superior title to a land parcel. *See* NRS 40.010. Such a claim directly relates to an individual's right to possess and use his or her property. Therefore, it is not a civil action as defined in NRS 38.300(3) and, accordingly, is exempt from NRS 38.310. Thus, the district court erred in dismissing the quiet title claim, and we reverse the dismissal of this claim.

### Motion to set aside the sale of the properties

In light of our decision regarding McKnight's quiet title claim, we also reverse the district court's order denying McKnight's motion to set aside the sale of the properties. While we disagree with McKnight's assertion that the district court erred in its findings of fact in its order denying the motion to set aside the trustee's sale, we nevertheless reverse the district court's order denying the motion, because depending on the quiet title claim's outcome, the question of whether the sale should be set aside is still open. On remand, the district court should reconsider the motion to set aside once it resolves the quiet title claim.

### Default judgment

A court's decision regarding a motion to set aside a default judgment will not be disturbed absent an abuse of discretion. *Minton v. Roliff*, 86 Nev. 478, 481, 471 P.2d 209, 210 (1970). A trial court may abuse its discretion when it acts "in clear disregard of the guiding legal

principles." *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

In *Moseley v. Eighth Judicial District Court*, this court determined that it could not resolve a writ petition in its entirety because the district court failed to find whether a party—in seeking relief from a motion to dismiss—established excusable neglect. 124 Nev. 654, 668, 188 P.3d 1136, 1146 (2008). The factual issue of excusable neglect was critical to whether the party was entitled to relief from the dismissal; thus, without the issue resolved, this court could not properly review the petition. *See id.*

We cannot determine whether the district court abused its discretion in setting aside the default judgment against Design 3.2 because the court did not make the necessary findings of fact. The motion to set aside the default judgment was based on the alleged fact that McKnight failed to serve Design 3.2. However, McKnight maintains it properly served Design 3.2, and McKnight supports its assertion with the process server's affidavit. Under NRCP 60(c), a district court may set aside a default judgment if a defendant is "not personally served with summons and complaint." Thus, similar to the factual issue of excusable neglect in *Moseley*, the issue of whether McKnight served Design 3.2 is critical to whether Design 3.2 is entitled to relief from the default judgment. Further, this court cannot "resolve disputed questions of fact." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (internal citations omitted). Consequently, we vacate the district court's order granting Design 3.2's motion and remand the issue to the district court to determine whether McKnight properly served Design 3.2.

## CONCLUSION

We affirm the district court's dismissal of all of McKnight's claims other than the quiet title claim. We reverse the district court's decisions to dismiss McKnight's quiet title claim, and to deny McKnight's motion to set aside the foreclosure sale, we vacate the district court's order to grant Design 3.2's motion to set aside the default judgment, and we remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Douglas

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A