# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALIANTE MASTER ASSOCIATION,
Appellant,
vs.
PREM DEFERRED TRUST, ON
BEHALF OF ITSELF AND AS
REPRESENTATIVES OF THE CLASS
HEREIN DEFINED,
Respondent.

No. 71026

FILED

FEB 23 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment in a real property matter involving HOA superpriority liens. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

At various foreclosure auctions, respondent Prem Deferred Trust and the putative class members purchased real property located within a community subject to the covenants, conditions and restrictions (CC&Rs) of appellant Aliante Master Association. Aliante's superpriority liens remained on each property, and Aliante subsequently sought and received payment from Prem and the class members to remove the liens. Prem claims, however, that it and the class members overpaid for removal of the liens. After submitting its claims to alternative dispute resolution pursuant to NRS 38.310, Prem brought a class-action suit in district court requesting a business court assignment and challenging, in part, the amount that Aliante demanded and collected from Prem and any putative class members as exceeding the superpriority amount permitted under NRS 116.3116(2). The district court subsequently granted class certification.

After the case was assigned to business court, the district court granted summary judgment in favor of Prem and the class. The district

court determined that the payments Aliante collected exceeded the superpriority amount permitted under NRS 116.3116(2), and concluded that Prem and the class were entitled to recoup their overpayments in the form of damages under NRS 116.4117. The district court awarded attorney fees to Prem and entered final judgment. Aliante appealed.

## DISCUSSION

Aliante's primary arguments on appeal are: (1) the district court lacked subject matter jurisdiction over the class members' claims because they were not first submitted to the Nevada Real Estate Division (NRED) for mediation or arbitration under NRS 38.310; (2) the district court erred in concluding the voluntary payment doctrine does not apply to Prem and the class members' claims for breach of NRS 116.3116(2) based on the non-waiver provision of NRS 116.1104; (3) the district court erred in concluding Aliante violated NRS 116.3116(2) because the statute set forth no obligation with which Aliante failed to comply; (4) the district court abused its discretion in granting class certification; and (5) the district court erred in granting default summary judgment.

*Standard of review*

"This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Unless noted otherwise, the issues presented on appeal primarily concern statutory interpretation and the propriety of the district court's legal conclusions, which this court also reviews de novo. *See Davis v. Beling*, 128 Nev. 301, 314, 278 P.3d 501, 510 (2012).

*NRS 38.310's mediation or arbitration requirement*

A civil action brought under NRS 116.4117(2) is "[s]ubject to the requirements set forth in NRS 38.310," which requires that any claims

interpreting an HOA's CC&Rs be submitted to the NRED for mediation or arbitration before being brought in district court. Here, the parties dispute whether Prem and the class members' claims concerning superpriority-lien overpayments are subject to NRS 38.310.[1]

This same issue was addressed in an unpublished order in *Southern Highlands Community Association v. Eighth Judicial District Court*, Docket Nos. 61940 & 62587 (Order Granting in Part and Denying in Part Petitions for Writs of Mandamus or Prohibition, November 10, 2014). There, Prem commenced a class action suit against Southern Highlands Community Association. *Id.* at 2-3. Among other claims, Prem asserted a claim for "[b]reach of NRS 116.3116(2)," alleging that Southern Highlands sought to collect amounts in excess of that allowed by NRS 116.3116(2). *Id.* at 2, 11 (alteration in original). Because only Prem had submitted its claims to arbitration or mediation under NRS 38.310, the district court dismissed the class members' claims. *Id.* at 3. After Prem amended its complaint to omit reference to Southern Highlands' CC&Rs and the district court refused to dismiss the claims pursuant to NRS 38.310, Southern Highlands filed a petition for a writ of mandamus with this court. *Id.*

In *Southern Highlands*, this court stated that an HOA's

CC&Rs may establish which assessments and charges an association is authorized to impose and which imposed assessments and charges form the basis of the lien. As a result, where parties dispute the validity of the charges imposed or the lien's amount under NRS 116.3116(1), those questions

---

[1]While we refer to the version of NRS 38.310 that existed at the time Prem filed its original complaint in November 2011, we note that the 2013 amendments would not change our analysis. *See* 2013 Nev. Stat., ch. 418, § 4, at 2296.

> cannot be resolved without referencing the CC&Rs, the declaration, or other governing documents.

*Id.* at 8 (citing to NRS 116.3116(1) and NRS 116.037 to explain that an HOA's declaration, which includes the CC&Rs, may affect what debts constitute assessments for purposes of an HOA's statutory lien). This court concluded that the class members' claims for breach of NRS 116.3116(2) "involve[d] a determination of what the proper lien amounts were. Since lien amounts may be affected by the CC&Rs, NRS 38.310 requires these claims to be mediated or arbitrated before they are brought in district court." *Id.* at 12.

However, this court noted that NRS 38.310 would not necessarily apply to every claim brought under NRS 116.3116(2):

> NRS 116.3116(2) gives a specified portion of the association's lien priority over NRS 116.3116(2)(b) security interests. If no challenge is brought to the association's budget or assessments or the validity or amount of its lien, then tabulating the statutorily mandated superpriority amount, or determining the statutory effect of the various lien priorities subsequent to a foreclosure, would generally not involve interpreting the CC&Rs.

*Id.* at 10 n.6. Ultimately, this court granted Southern Highlands' writ petition in part, instructing the district court to dismiss the claims that should have been submitted "to arbitration under NRS 38.310, without prejudice to the ability of those parties to . . . file an amended complaint that does not challenge the validity or amount of Southern Highlands' liens or the monthly assessment derived from its periodic budget." *Id.* at 20.

After this court issued its decision in *Southern Highlands*, Prem moved to amend its complaint against Aliante in this case. In its motion to amend its complaint, Prem maintained that the *Southern Highlands* court

invited Plaintiff Prem to amend its pleadings . . . such that "the additional assertions about the validity and amount of the assessments," were deleted from the pleading in favor of a challenge to Defendant's "tabulating the statutorily mandated superpriority amount," which "would generally not involve interpreting the CC&Rs. In short, the attached amended complaint in this action cures the pleading defect identified by the Nevada Supreme Court in the [*Southern Highlands*] case and alleges claims based solely on [Aliante]'s erroneous "tabulation" of the "statutorily mandated superpriority amount." As such, those class claims may proceed directly to district court without mediation or arbitration under NRS 38.310.

(Citation omitted).

Although Aliante did not oppose Prem's motion, which the district court granted, and never moved to dismiss the class members' claims under NRS 38.310, Aliante argues on appeal that the class members failed to submit their claims to NRED for mediation or arbitration pursuant to NRS 38.310. While Aliante raises this argument for the first time on appeal, it frames the issue in terms of jurisdiction, which can be raised at any time. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011). Prem arguably agrees NRS 38.310's mediation or arbitration requirement is jurisdictional, as it contends the district court retained jurisdiction over the class members' claims and does not argue Aliante waived its right to raise this issue on appeal. Though the parties assume as much, this court has yet to hold whether NRS 38.310's mediation or arbitration requirement is jurisdictional, and we decline to consider this issue here. Nonetheless, this court may address plain error *sua sponte*, and we choose to address this issue and conclude that NRS 38.310's mediation or arbitration requirement controls here. *See Bradley v. Romeo*, 102 Nev.

103, 105, 716 P.2d 227, 228 (1986) (recognizing this court may "consider relevant issues *sua sponte* in order to prevent plain error," such as "where a statute which is clearly controlling was not applied by the trial court"). We agree with Aliante that the class members were required to mediate or arbitrate their claims under NRS 38.310 before bringing the claims in district court and, thus, the district court was required to dismiss the class members' claims pursuant to NRS 38.310(2).

Under NRS 38.310(1)(a) (2011), "[n]o civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of [an HOA's CC&Rs] . . . may be commenced in any court in this State unless the action has been submitted to mediation or arbitration." Additionally, NRS 38.310(2) provides that "[a] court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." *See also McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 129 Nev. 610, 614, 310 P.3d 555, 558 (2013).

In its original complaint, Prem referred to the amounts Aliante collected as "Unlawful Lien Amounts" and "Excessive CC&R Amounts." In its amended complaint, Prem referred to these amounts only as "Unlawful Lien Amounts." Then in its second amended complaint, which was filed after *Southern Highlands*, Prem refers to the amounts as "erroneously tabulated amounts," alleging it "does not dispute the validity or amount of each Lien or the monthly assessment derived from [Aliante]'s periodic budget, [so] no resort to the CC&RS is necessary." Prem concedes that the subject claims as set forth in the prior versions of its complaint fell within NRS 38.310's mediation or arbitration requirement. However, Prem argues that resolving the class members' claims as set forth in the second amended complaint merely involves tabulating the superpriority amount and

Supreme Court
of
Nevada

(O) 1947A

6

requires no reference to Aliante's CC&Rs to determine the assessment and lien amounts. Prem maintains that its second amended complaint "eliminated any assertions about the validity of the assessments," (internal quotation marks omitted), thereby avoiding any "semantic pleading deficiency" identified by this court in *Southern Highlands*.

While Prem specifically amended its complaint to remove certain language this court took issue with in *Southern Highlands*, changing the language of the allegations did not change the substance of the claims. This court "must look at the substance of the claims, not just the labels used in the amended complaint." *Nev. Power Co. v. Eighth Judicial Dist. Court*, 120 Nev. 948, 960, 102 P.3d 578, 586 (2004). Resolving the subject claims involves, but is not limited to, tabulating the superpriority amount. Rather, resolving the claims involves a determination of whether the lien amounts collected were proper under both NRS 116.3116(2) and the CC&Rs. *Southern Highlands*, Docket Nos. 61940 & 62587, *5 (Order Granting in Part and Denying in Part Petitions for Writs of Mandamus or Prohibition, November 10, 2014) (stating that claims involving a determination regarding proper lien amounts "may be affected by the CC&Rs, [and therefore,] NRS 38.310 requires these claims to be mediated or arbitrated before they are brought in district court."). Thus, the substance of the subject claims concern the validity and amount of Aliante's superpriority liens and necessarily "relat[e] to . . . [t]he interpretation, application, or enforcement of" Aliante's CC&Rs.[2] NRS 38.310(1)(a); *see also Carrington Mortg. Servs., LLC v. Absolute Bus. Sols.,*

---

[2]This is true even though the accounting statements from Aliante's collection agent reflect the appropriate superpriority amounts because those amounts nonetheless are derived from Aliante's CC&Rs.

*LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at \*3 (D. Nev. Apr. 14, 2016) (requiring mediation or arbitration under NRS 38.310 for a claim requiring the court "to determine which assessments and charges the HOA was authorized to impose and which assessments and charges formed the basis for its lien," because those "questions cannot be resolved without referencing the CC&Rs or the HOA's other governing documents").

Accordingly, we conclude that Prem and the class members' claims are subject to NRS 38.310's mediation or arbitration requirement, and that pursuant to NRS 38.310(2), the district court should have dismissed all class members whose claims were not submitted to mediation or arbitration. Therefore, as Prem was the only party to submit its claims to NRED, the district court erred under NRS 38.310(2) by entertaining the claims of the other class members.[3]

*The voluntary payment doctrine*

Aliante next argues the district court erred in concluding Aliante was prohibited from asserting the voluntary payment doctrine as an affirmative defense based on the non-waiver provision of NRS 116.1104. Aliante maintains that the voluntary payment doctrine is separate and distinct from the waiver doctrine referred to in NRS 116.1104, such that the district court's ruling conflicts with this court's decision in *Nevada Association Services, Inc. v. Eighth Judicial District Court* (*NAS*), 130 Nev., Adv. Op. 94, 338 P.3d 1250 (2014), and the voluntary payment doctrine is applicable to Prem and the class members' claims pursuant to NRS 116.1108.

---

[3]In light of this conclusion, we need not reach the parties' arguments regarding class certification.

Like the instant case, *NAS* involved allegations that an HOA "made excessive lien demands in violation of NRS 116.3116." *Id.* at 1252. This court considered "whether the voluntary payment doctrine applies in Nevada to bar a property owner from recovering fees that it paid to a community association and, if so, whether the property owner demonstrated an exception to this doctrine." *Id.* This court ultimately held "that the doctrine is valid in Nevada and that the property owner did not show an exception which would preclude its application in the present case." *Id.* Thus, this court determined the voluntary payment doctrine was a complete defense to the property owner's claims. *Id.* at 1257.

Recognizing it presided over both cases, the district court distinguished the instant case from *NAS* in the proceedings below: "The issue of whether statutory remedies under NRS 116.4117 can be waived by the common law affirmative defense of the voluntary payment doctrine pursuant to NRS 116.1104 was not on appeal before the Nevada Supreme Court nor addressed in [*NAS*]." Instead, the district court relied on *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), and concluded that Aliante could not assert the voluntary payment doctrine as an affirmative defense because "the rights and remedies under NRS 116.4117 may not be waived pursuant to NRS 116.1104 (by common law defenses or otherwise)." Similarly, Prem relies on *SFR* and argues that the voluntary payment doctrine does not apply to bar Prem's claims because Prem's right to bring a civil action under NRS 116.4117 cannot be waived pursuant to NRS 116.1104. *See id.* at 418-19.

We agree with Aliante and conclude that the district court erred. We further conclude Prem's reliance on *SFR* is misplaced and that the plain text of the relevant statutes defeats Prem's arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

NRS 116.1104 provides as follows: "Except as expressly provided in [NRS Chapter 116], its provisions may not be varied by agreement, and rights conferred by it may not be waived." In *SFR*, this court concluded that NRS 116.3116(2) superseded a mortgage savings clause that purported to subordinate an HOA's superpriority lien to the lender's first deed of trust based on NRS 116.1104 because "[n]othing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." 130 Nev., Adv. Op. 75, 334 P.3d at 418-19 (second alteration in original) (quoting *7912 Limbwood Court Tr. v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1153 (D. Nev. 2013)).

However, unlike *SFR*, the right at issue here is not Aliante's right to a priority position for its superpriority lien; rather, it is Prem's right to bring a civil action under NRS 116.4117. While NRS 116.4117 together with NRS 116.1104 confer the non-waivable right to bring a civil suit for failure to comply with the rights conferred by Chapter 116, allowing parties to assert affirmative defenses after suit has been filed does not affect this right. Thus, allowing Aliante to assert the affirmative defense of the voluntary payment doctrine to Prem's claims does not equate to Prem waiving its right to bring a civil action under NRS 116.4117. Furthermore, NRS 116.1104 is geared towards a waiver or modification of rights under NRS Chapter 116, and an affirmative defense does not constitute an agreement between Aliante on the one hand, and Prem and the class members on the other to waive or modify their rights. *See* Unif. Common Interest Ownership Act § 1-104 cmt. 1, 7 pt. 1B U.L.A. 246 (2009) (hereinafter UCIOA). Therefore, NRS 116.1104 is irrelevant here.

Additionally, and notwithstanding NRS 116.1104's relevance, the voluntary payment doctrine can be applied to bar Prem's claims pursuant to NRS 116.1108, which provides that "[t]he principles of law and equity . . . supplement the provisions of this chapter, except to the extent inconsistent with this chapter."[4] Consistent with NRS 116.1104, the application of common law affirmative defenses are "expressly provided" for in NRS 116.1108. *See* UCIOA § 1-108 cmt. 1, 7 pt. 1B U.L.A. 256 (2009) ("Moreover, unless specifically displaced by this statute, common law rights are retained."). Thus, the plain language of the relevant statutes allow for the application of the voluntary payment doctrine as an affirmative defense to limit the damages in an action brought under NRS 116.4117.

Because we conclude that the district court erred as a matter of law in prohibiting Aliante from asserting the voluntary payment doctrine as an affirmative defense to Prem's claims, we reverse the district court's

---

[4]Prem argues that Aliante failed to raise its argument regarding NRS 116.1108 or oppose Prem's argument regarding NRS 116.1104 below. Aliante maintains it addressed Prem's argument at the motion hearing and argued that NRS Chapter 116 did not preclude the voluntary payment doctrine.

The primary issue before this court is whether NRS 116.1104 precludes the voluntary payment doctrine, which was raised and addressed below at the motion hearing. Additionally, we consider NRS 116.1108 in addressing the significance of NRS 116.1104 because "whenever possible, a court will interpret a rule or statute in harmony with other rules or statutes." *Pub. Emps.' Ret. Sys. of Nev. v. Gitter*, 133 Nev., Adv. Op. 18, 393 P.3d 673, 679 (2017) (quoting *Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 79, 358 P.3d 228, 232 (2015)).

final judgment, vacate the district court's awards for damages and attorney fees, and remand this matter for further proceedings.[5]

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[5]In light of this conclusion, we need not reach the parties' remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Alverson Taylor Mortensen & Sanders
Holland & Hart LLP/Las Vegas
Adams Law Group
Brown Brown & Premsrirut
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

13