PICKERING, J., dissenting:
NRS 116.31183 gives a homeowner who is wrongfully retaliated against for demanding that the HOA fire its attorney the right to sue the HOA or its agent for compensatory damages. An attorney is, by definition, the "agent" of the client he or she represents. Since NRS 116.31183 applies to an HOA's agent-and makes no exception for attorney-agents-I cannot agree with the majority's decision to dismiss the homeowners' wrongful retaliation complaint against the HOA board's attorney with prejudice . This decision effectively exempts attorneys from NRS 116.31183, granting them an absolute immunity from suit that neither the statute's text nor the common law supports.
To recover compensatory damages for violation of NRS 116.31183, a homeowner must establish a compensable injury, i.e., that the retaliation was wrongful and caused harm. Here, the wrongfulness of the retaliation alleged substantially depends on the covenants, conditions and restrictions (CC&Rs) and whether they justified the measures the HOA's attorney pursued against the homeowners. As the court of appeals correctly held, NRS 38.310's mandatory mediation requirements therefore apply. Under NRS 38.310, this case should have been dismissed without prejudice, pending mediation. If mediation failed, the district court would then have to decide whether wrongful retaliation occurred. This is a merits-based determination, not a matter of absolute immunity.
I.
A.
The district court decided this case on an NRCP 12(b)(5) motion to dismiss. The complaint alleges that, as homeowners in a Nevada common-interest community, the Dezzanis complained to their HOA board about its attorney, Kern, demanding that she be fired, and that Kern retaliated by causing the HOA to pursue the Dezzanis for bogus CC&R violations. Nevada has not adopted the federal "plausibility" standard for assessing a complaint's sufficiency, see Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), instead following the rule that a "complaint cannot be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts [that], if accepted by the trier of fact, would entitle him to relief." Washoe Med. Ctr., Inc. v. Reliance Ins. Co ., 112 Nev. 494, 496, 915 P.2d 288, 289 (1996) (citation omitted).
Judged by Nevada's motion-to-dismiss standards, the Dezzanis' complaint sufficiently states an NRS 116.31183 -based claim. NRS 116.31183 gives a homeowner who complains about her HOA board or its attorney and is retaliated against for doing so the right to sue for compensatory damages:
1. An executive board, a member of an executive board, a community manager or an officer, employee or agent of an association shall not take, or direct or encourage another person to take, any retaliatory action against a unit's owner because the unit's owner has:
(a) Complained in good faith about any alleged violation of any provision of this chapter or the governing documents of the association; [or]
(b) Recommended the selection or replacement of an attorney, community manager or vendor....
....
2. In addition to any other remedy provided by law, upon a violation of this section, a unit's owner may bring a separate action to recover:
*65 (a) Compensatory damages ; and
(b) Attorney's fees and costs of bringing the separate action.
NRS 116.31183 (emphases added).
Etymologically and by definition, the word "attorney" means "agent." Attorney, Oxford English Dictionary (2d ed. 1989) (tracing attorney to the Old French atourné , past participle of attourner , "to attorn, in sense of 'one appointed or constituted' "; defining attorney as "[o]ne appointed or ordained to act for another; an agent ") (emphasis added); attorney, Black's Law Dictionary (9th ed. 2009) (defining attorney as, "[s]trictly, one who is designated to transact business for another; a legal agent ") (emphasis added); attorney, American Heritage Dictionary of the English Language (3d ed. 1996) (defining attorney as "[a] person legally appointed by another to act as his or her agent in the transaction of business"). Black-letter law and our cases agree. Restatement (Third) of the Law Governing Lawyers ch. 2, intro, note (Am. Law. Inst. 2000) ("A lawyer is an agent."); Restatement (Second) of Agency § 14 cmt. b (Am. Law Inst. 1958) (characterizing attorneys as "recognized agents"); NC-DSH, Inc. v. Garner, 125 Nev. 647, 656, 218 P.3d 853, 860 (2009) ("a client who hires a lawyer establishes an agency relationship").
By its plain terms, NRS 116.31183 imposes statutory liability on an "agent" of an HOA who "take[s] retaliatory action" against a homeowner for recommending the "replacement of an [HOA board's] attorney"-precisely what the Dezzanis allege Kern did here. "[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms." Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917). Since attorneys are agents and NRS 116.31183 applies to HOA agents without exception for attorneys, the Dezzanis' complaint sufficiently stated a statute-based claim for relief against Kern and should not have been dismissed with prejudice under NRCP 12(b)(5).
B.
In the teeth of the statute's plain meaning, the majority insists that "the Legislature did not intend for attorneys to be included in the term 'agent' for the purposes of NRS 116.31183." Majority opinion ante at 60. As support, the majority relies first on NRS 116.31164(4), then on public policy.
The statute the majority relies on for the proposition attorneys are not agents, NRS 116.31164(4), concerns HOA lien foreclosure sales. It provides that an HOA foreclosure sale "may be conducted by the association, its agent or attorney, or a title insurance company or escrow agent licensed to do business in this state." (Emphasis added.) To the majority, NRS 116.31164(4)'s use of the word "or" between "agent" and "attorney" signifies that, for purposes of all of NRS Chapter 116. the Legislature has redefined "agent" to exclude "attorneys." Majority opinion ante at 59 (accepting Kern's argument that "because NRS 116.31164 uses the words 'agent' and 'attorney' distinctly, it demonstrates that the Legislature purposefully distinguished an attorney from an agent under NRS Chapter 116"). Continuing, the majority credits Kern's position that the Legislature should be seen as having "specifically omitted attorneys from NRS 116.31183"-though it did no such thing-so that, for purposes of NRS Chapter 116. "the term 'agent' does not include attorneys." Majority opinion ante at 59.
Respectfully, this reads more into the word "or" than it can support. Doubtless, an "or" preceded by a comma can indicate a disjunctive, such that two words that are separated by an "or" have two alternative definitions. But an "or" is not always disjunctive, and "it is important not to read the word 'or' too strictly where to do so would render the language of the statute dubious." 1A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes & Statutory Construction § 21.14 (7th ed. 2009). As shown above, "attorney" is universally understood to mean "agent." To read the "or" in NRS 116.31164(4) as redefining "attorney" for purposes of NRS Chapter 116 to mean not-an-agent renders the language of the statute "dubious" indeed. Id. Also, NRS 116.31164(4) refers to an association or "its agent or attorney" and not "its *66 agent, or attorney." The lack of a comma suggests that, in this context, an attorney is merely a subset or an example of an agent, as opposed to not-an-agent. See Sutherland Statutes & Statutory Construction , at § 21.15 ("A comma should always separate each member of a class."). The phrase that follows "agent or attorney" in NRS 116.31164(4) -"a title insurance company or escrow agent"-reinforces this reading, as a "title insurance company" can serve as an "escrow agent," and those terms, too, are joined by "or" in NRS 116.31164(4), with no comma separating them.
The true basis for the majority's decision to exempt attorneys from NRS 116.31183 seems policy-driven, not textual. It is the majority's view that
... imposing liability on an attorney for representing his or her HOA client [ ] would impermissibly intrude on the attorney-client relationship and interfere with an HOA's ability to retain an attorney and the attorney's ability to ethically represent the HOA [so, we] conclude that the term "agent" in NRS 116.31183 does not include an attorney who is providing legal services to, and acting on behalf of, a[n HOA].
Majority opinion ante at 62; see id. at 61-62 (citing and quoting from Greenberg Traurig v. Frias Holding Co., 130 Nev. 627, 331 P.3d 901 (2014), Cantey Hanger, LLP v. Byrd, 467 S.W.3d 477, 481 (Tex. 2015), and Fox v. Pollack, 181 Cal.App.3d 954, 226 Cal.Rptr. 532 (1986) ).
These cases express some of the same policy concerns the majority has with NRS 116.31183 but they arise in the common-law setting and do not justify judicially exempting attorneys from a statute that, by its plain terms, applies to them. Thus, the majority's cited cases stand for one of two unexceptionable common-law propositions-first, "that communications uttered or published in the course of judicial proceedings are absolutely privileged, rendering those who made the communications [, including attorneys,] immune from civil liability," Greenberg Traurig, 130 Nev. at 630, 331 P.3d at 903 (quotation omitted); see Cantey Hanger , 467 S.W.3d at 481 ("as a general rule, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation ") (quotation omitted; emphasis added); and second, that "an attorney's duty of care in giving legal advice to a client [normally does not extend] to persons with whom the client in acting upon the advice deals," Fox, 226 Cal.Rptr. at 536 (quotation omitted). Though both propositions are sound as a matter of common law, neither supports exempting attorneys from statutory obligations and liabilities like those imposed by NRS 116.31183.
In general, "a lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances." Restatement (Third) of the Law Governing Lawyers § 56 (Am. Law Inst. 2000). Thus, a lawyer who commits wrongful acts in the name of representing a client outside the litigation setting does not enjoy absolute immunity from suit. See Dutcher v. Matheson, 733 F.3d 980, 988-89 (10th Cir. 2013) (reversing district court order deeming a lawyer immune from liability in tort merely because the lawyer committed the tort alleged while representing a client; "like all agents, the lawyer would be liable for torts he committed while engaged in work for the benefit of a principal"); accord Chalpin v. Snyder, 220 Ariz. 413, 207 P.3d 666, 677 (Ariz. Ct. App. 2008) (noting that "lawyers have no special privilege against civil suit" and that "[w]hen a lawyer advises or assists a client in acts that subject the client to civil liability to others, those others may seek to hold the lawyer liable along with or instead of the client") (quoting Safeway Ins . Co. v. Guerrero, 210 Ariz. 5, 106 P.3d 1020, 1025 (2005), and Restatement (Third) of the Law Governing Lawyers § 56 cmt. c). While statements attorneys make representing clients in court are privileged, and a third party ordinarily may not sue a lawyer for malpractice committed against a client, these propositions do not immunize lawyers from liability in other settings.
Lawyers are subject to the general law. If activities of a nonlawyer in the same circumstances would render the nonlawyer civilly liable or afford the nonlawyer a defense to liability, the same activities by a lawyer in the same circumstances generally *67 render the lawyer liable or afford the lawyer a defense.
Restatement (Third) of the Law Governing Lawyers § 56 cmt. b.
Absent express exemption, a lawyer who violates a statute while representing a client faces the same sanctions anyone else would face. Consider the extreme hypothetical posed in Dutcher : A lawyer is hired by a client "to commit a murder. Certainly, the lawyer would not be immune from [prosecution] simply because he was executing the principal's wishes in his capacity as a lawyer." 733 F.3d at 989 (quotation and editing marks omitted). And so it is that lawyers and law firms representing clients have been held liable under the federal securities, RICO, and civil rights statutes, as well as certain federal and state consumer protection statutes. See Restatement (Third) of the Law Governing Lawyers § 56 cmts. i & j.
The Legislature rationally could have exempted attorneys from NRS 116.31183, for the policy reasons the majority identifies. But it did not. Instead, it passed a statute prohibiting retaliation against homeowners who complain about, among other things, an HOA's attorney and imposing civil liability on HOAs and agents of HOAs who engage in prohibited conduct.
The legislative history behind NRS 116.31183 is sparse but what there is confirms that NRS 116.31183 and its companion statute, NRS 116.31184, apply to attorneys equally with any other HOA agent. Thus, in 2009, the Legislature amended NRS 116.31183 to add subparagraph (1)(b), prohibiting retaliation against a homeowner who seeks to have the HOA's attorney replaced, S.B. 182, 75th Leg. (Nev. 2009), and the remedial provisions codified in subparagraph (2), A.B. 350, 75th Leg. (Nev. 2009). Among the concerns expressed by S.B. 182's sponsor, Senator Mike Schneider, were the "immensely chilling effect" HOA attorney retaliation against homeowners can have-and an FBI report suggesting that "such conduct may also be another means to perpetuate [the] self-dealing between corrupt managers and attorneys " that befell Nevada homeowners in the years preceding the amendment. Hearing on S.B. 182 Before the Senate Judiciary Comm., Exhibit D 8-9, 75th Leg. (Nev., March 18, 2009) (emphasis added). And in 2013, the Legislature added NRS 116.31184, which makes it a misdemeanor to "threaten, harass or otherwise engage in a course of conduct against," inter alia, unit owners or their guests, so as to cause them "harm or serious emotional distress" or to create "a hostile environment for [such] person." 2013 Nev. Stat., ch. 437, § 1. Like NRS 116.31183, NRS 116.31184 applies to, among others, "an officer, employee or agent of an association," without exception for attorneys. The majority's interpretation of NRS 116.31183 would necessarily immunize HOA attorneys from NRS 116.31184 as well as NRS 116.31183, which is, I submit, unreasonable.
II.
The majority also holds that NRS 38.310 does not apply "because the question before this court involves an interpretation of NRS 116.31183, not an interpretation of the HOA's CC&Rs." Majority opinion ante at 59, n.3. Again, I disagree. In my view, a homeowner does not have a claim for compensatory damages for violation of NRS 116.31183 unless the retaliation was wrongful and caused improper harm. It is in this context that the policy concerns that lead the majority to confer absolute immunity on Kern apply, for I interpret NRS 116.31183 to say that if all Kern did was fairly demand that the Dezzanis comply with the CC&Rs, wrongful retaliation did not occur. Compare McKnight Family, LLP v. Adept Mgmt. Servs., Inc., 129 Nev. 610, 615, 310 P.3d 555, 558 (2013) (recognizing contractual nature of CC&Rs), with Restatement (Third) of the Law Governing Lawyers § 57 ("[A] lawyer who ... assists a client to ... break a contract ... is not liable to a nonclient for interference with contract ... if the lawyer acts to advance the client's objectives without using wrongful means."). Determining whether wrongful retaliation occurred requires interpreting portions of the CC&Rs that relate to the dispute between the Dezzanis and the HOA regarding the extended deck on the Dezzanis' unit, including but not limited to the Dezzanis' obligations by virtue of purchasing the unit, *68 the HOA's enforcement rights, and CC&R-based dispute-resolution requirements. Since the Dezzanis' claims call for interpretation of the CC&Rs, by law they must proceed to mediation before going to court. See Hamm v. Arrowcreek Homeowners' Ass'n, 124 Nev. 290, 301-02, 183 P.3d 895, 904 (2008) ("parties must submit such an action to mediation or arbitration pursuant to NRS 38.310 before seeking relief in the district court").
III.
Assuming mediation failed and the Dezzanis returned to court, they may or may not have been able to make a case against Kern that could survive summary judgment. Whatever the Dezzanis' prospects for success on the merits, this case has significance beyond the parties because of the principles of statutory interpretation and attorney immunity involved. The Legislature sets policy and writes statutes that the courts in turn must enforce as written, unless the statutes are constitutionally infirm. As NRS 116.31183 applies to HOA agents, without exception for attorneys, and attorneys do not enjoy blanket immunity from suit outside the litigation context, the Dezzanis' complaint should not have been dismissed with prejudice at this stage of the proceedings. I therefore respectfully dissent.