# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW 2005-08; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LENDER BEING COUNTRYWIDE HOME LOANS INC., A NEW YORK CORPORATION; AND BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS, INC., Appellants,

vs.

THE VISTAS HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION; AND SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondents.

No. 73904

FILED

DEC 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate the judgment and remand for further proceedings.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

18-908646

Appellants first contend that the district court should have set the foreclosure sale aside and quieted title in their favor based on the grossly inadequate purchase price and evidence of unfairness in the foreclosure process, *cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"), or that certain allegations of unfairness created genuine issues of material fact precluding summary judgment, *Safeway*, 121 Nev. at 731, 121 P.3d at 1031. As evidence of unfairness, appellants first contend that the covenants, conditions, and restrictions (CC&Rs) include a protective covenant, under which an HOA foreclosure does not extinguish a first deed of trust. We are not persuaded that this evidence constitutes unfairness. Appellants have not presented any evidence that potential bidders were misled by the CC&Rs' protective covenant and that bidding was chilled. Moreover, we must presume that any such bidders also were aware of NRS 116.1104, such that they were not misled.[2] *See Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 512 (1915) ("Every one is presumed to know the law and this presumption is not even rebuttable."). Finally, to the extent appellants attempt to distinguish the covenant addressed in this case from mortgage savings clause covenants, which this court concluded cannot waive an HOA's right to nonjudicial foreclosure of a superpriority lien for delinquent HOA assessments under NRS 116.3116(2), *SFR Invs. Pool 1,*

---

[2]In this respect, to the extent it is persuasive, *ZYZZX2 v. Dizon*, No, 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016), is distinguishable because in addition to the CC&Rs' covenant, the HOA sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust.

*LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014), we disagree that the covenants are distinguishable. The holding in *SFR* that "nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien" equally applies to the covenant raised by appellants in this case. 130 Nev. at 757, 334 P.3d at 419 (alteration in original) (quoting *7912 Limbwood Court Tr. v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1153 (D. Nev. 2013)).

Appellants also point to evidence of unfairness in that the notices of the foreclosure sale did not specify that the foreclosure was on a superpriority lien and that the default on a prior superpriority lien had been satisfied.[3] There was no requirement, however, that the notices indicate whether the HOA was asserting a superpriority lien right or that it include a history of previous superpriority-lien satisfaction. And, in any event, the first notice of default was rescinded after the default was satisfied and the July 2011 notice of default expressly stated that the former homeowner had been delinquent on the HOA assessments, with the necessary implication being that the HOA's lien included a superpriority component. Based on the foregoing, appellants have not established an equitable basis to set aside

---

[3]Any argument by appellants that NRS Chapter 116 limits HOAs to one superpriority lien per parcel of property was rejected by this court in *Property Plus Investments, LLC v. Mortgage Electronic Registration Systems, Inc.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (holding that where a default has been cured as to the superiority portion of an HOA's lien, the HOA may later record a new notice of default should the homeowner again become delinquent in paying assessments, which will have superpriority status as provided in NRS 116.3116(2)).

the foreclosure sale on this record.[4] We therefore do not need to consider the parties' arguments regarding bona-fide-purchaser status.

Appellants next argue that the district court erred in granting summary judgment without allowing a continuance to conduct discovery related to additional equitable grounds to set aside the foreclosure sale. We agree. Of relevance, *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 59-60, 366 P.3d 1105, 1111-12 (2016), explained that the conclusive effect of the recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief when the party challenging the sale can show that the sale was affected by fraud, unfairness, or oppression. *See Nationstar Mortg.*, 133 Nev., Adv. Op. 91, 406 P.3d at 646-49 & n.7 (holding that HOA real property foreclosure sales are not evaluated under a commercial reasonableness standard but that evidence relevant to commercial reasonableness "may sometimes be relevant to a fraud/unfairness/oppression inquiry" for purposes of an equitable challenge to the sale). Appellants' NRCP 56(f) declarations sought discovery into issues implicating fraud, unfairness, or oppression.[5] Because *Nationstar* was decided after the district court

---

[4]Appellants also assert that unfairness is demonstrated by the change in the foreclosure sale date but we decline to address this argument as it was raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that arguments not raised in the district court are waived and will not be addressed on appeal).

[5]Of note, while appellants requested additional discovery in opposition to both motions for summary judgment, as the HOA and the purchaser filed separate motions, the district court only denied the request as to the HOA's motion. Thus, it is unclear why the district court denied appellants' NRCP 56(f) request in regard to the purchaser's motion for summary judgment, especially in light of *Shadow Wood*.

granted summary judgment and because it is unclear whether the district court properly considered *Shadow Wood* when making its decision, we conclude that remand is proper so the district court can consider appellants' NRCP 56(f) requests.[6]  Accordingly, we conclude that summary judgment on this record was improper, and we therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:   Hon. Jerome M. Polaha, District Judge
      Akerman LLP/Las Vegas
      Perry & Westbrook, P.C.
      Kim Gilbert Ebron
      Leach Kern Gruchow Anderson Song/Reno
      Washoe District Court Clerk

---

[6]Respondents' arguments regarding the scope of discovery are well taken, but better left for the district court's consideration in the first instance.  Additionally, as to appellants' arguments regarding its wrongful foreclosure claim against the HOA, we need not address the issue as the case is being remanded to allow for discovery.  That claim may be subject to dismissal, however, if it requires interpretation of the governing CC&Rs. *See* NRS 38.310 (requiring dismissal of a claim that requires "interpretation, application or enforcement" of CC&Rs if the claim has not been mediated first); *McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 129 Nev. 610, 616, 310 P.3d 555, 559 (2013) (addressing the interaction of wrongful foreclosure claims against HOAs and NRS 38.310).