NOT FOR PUBLICATION

# FILED

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DITECH FINANCIAL LLC, FKA Green Tree Servicing, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No.  18-16406 |
| | D.C. No. 2:16-cv-02900-APG-GWF |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM[*] |
| PARADISE SPRINGS ONE HOMEOWNERS ASSOCIATION, AKA Paradise Springs One, | |
| Defendant, | |
| and | |
| ROBERT C. WANG; ANNABEL E. BARBER, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 27, 2020[]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Appellants Robert Wang and Annabel Barber appeal the district court's final judgment in favor of Appellees Ditech Financial LLC and Federal National Mortgage Association (Fannie Mae). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants argue that the district court erred by addressing Appellees' quiet title claim on the merits because (1) that claim is duplicative of the dismissed wrongful foreclosure claim, (2) Appellees lacked "any interest in the property," (3) the claim is untimely under a three-year statute of limitations, and (4) Appellees lacked Article III standing. These arguments are unpersuasive.

1. A claim to quiet title is wholly independent of a wrongful foreclosure claim. *See McKnight Family, L.L.P. v. Adept Mgmt. Servs.*, 310 P.3d 555, 559 (Nev. 2013). The former asks "the court to determine who holds superior title to a land parcel," whereas the latter "challenges the authority behind the foreclosure, not the foreclosure act itself." *Id.* Through their quiet title claim, Appellees seek to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

establish that they continue to hold a valid interest in the property, irrespective of the propriety of the foreclosure sale. Accordingly, the district court did not err by treating Appellees' quiet title and wrongful foreclosure claims separately.

2.      Contrary to Appellants' argument, Appellees do have an interest in the property. Ordinarily, a foreclosure sale of a property initiated by a homeowners association (HOA) that has a superpriority lien on the property extinguishes all "other subordinate interests in the property." *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1116 (Nev. 2016). But when, as here, the Federal Housing Finance Agency has an interest in a property, Nevada's superpriority lien law is preempted, such that foreclosure will not extinguish the Agency's interest. *See Berezovsky v. Moniz*, 869 F.3d 923, 930–33 (9th Cir. 2017); 12 U.S.C. § 4617(j)(3). Thus, the foreclosure sale on the property here did not extinguish Appellees' interest in the property.

3.      Appellants contend that the three-year statute of limitations applicable to wrongful foreclosure claims bars the quiet title claim. As noted above, a wrongful foreclosure claim is entirely independent of a quiet title claim. Thus, the wrongful foreclosure claim's limitations period does not apply to Appellees' quiet title claim. Appellants urge us to decide whether the federal six-year statute of limitations or Nevada's five-year statute of limitations applies. We need not

resolve this issue, however, as the parties agree that Appellees' complaint was filed within five years of the foreclosure sale. As a result, the quiet title claim is timely under either statute of limitations.

4. Finally, Appellants argue that Appellees lack standing to assert the quiet title claim because one of the defendants, Paradise Springs One HOA (Paradise), no longer had an interest in the property when the complaint was filed. We reject this argument. The standing inquiry focuses on a plaintiff's interests, not a defendant's. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (the standing analysis applies to "the party who invokes the court's authority"). Whether Paradise had an interest in the property is irrelevant to Appellees' Article III standing. Even if Paradise has no interest, Appellees themselves clearly satisfy Article III's standing requirements.

To the extent Appellants are arguing that the district court lacked subject-matter jurisdiction because there was no case or controversy under Article III, we find that unpersuasive. Appellees asserted the claim to quiet title against both Paradise and Appellants. As the purported current owners of the property, Appellants have an interest adverse to Appellees that is sufficient to satisfy Article III's case-or-controversy requirement.

**AFFIRMED.**