137 Nev., Advance Opinion 52

IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC, SERIES 9720
HITCHING RAIL, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
PECCOLE RANCH COMMUNITY
ASSOCIATION; AND NEVADA
ASSOCIATION SERVICES, INC.,
Respondents.

No. 81446

FILED

SEP 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a tort action arising out of a homeowners' association foreclosure sale. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

*Reversed and remanded.*

Roger P. Croteau & Associates, Ltd., and Roger P. Croteau, Las Vegas, for Appellant.

Lipson Neilson P.C. and Kaleb D. Anderson and Amanda A. Ebert, Las Vegas,
for Respondents.

---

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

21-27490

*OPINION*

By the Court, STIGLICH, J.:

NRS 38.310 requires parties to attempt alternative dispute resolution as a prerequisite to filing a civil action "based upon a claim relating to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions [CC&Rs] applicable to residential property or any bylaws, rules or regulations adopted by an association." In this opinion, we consider whether a suit dismissed for noncompliance with this statute fell within its scope. Appellant Saticoy Bay, LLC, Series 9720 Hitching Rail purchased property at a homeowners' association (HOA) foreclosure sale conducted after the previous owner defaulted on HOA assessments imposed by the CC&Rs. Saticoy Bay claims it believed it was purchasing the property free of other liens. However, the first deed of trust on the property survived the foreclosure sale, and Saticoy Bay sued the HOA and its agent, alleging misrepresentation, breach of the duty of good faith, conspiracy, and violation of NRS Chapter 113.

The district court granted respondents' motion to dismiss on the ground that Saticoy Bay had not engaged in alternative dispute resolution before filing suit, violating NRS 38.310. Saticoy Bay appeals, arguing that NRS 38.310 did not apply to its claims. We agree. The mere fact that these claims arose out of an HOA foreclosure sale is not sufficient to trigger NRS 38.310's mediation requirement. Mediation is required before a district court can hear a claim that itself requires "interpretation, application or enforcement" of HOA CC&Rs, rules, bylaws, or regulations. Here, there is no dispute that the HOA properly foreclosed after the owner failed to pay their assessments, only that it did not disclose to the prospective new owner an existing interest in the property. Because the tort claims asserted in this

matter are unrelated to the interpretation, application, or enforcement of HOA CC&Rs or rules, NRS 38.310's scope does not encompass those claims.

## BACKGROUND

The previous owner of 9720 Hitching Rail Drive in Las Vegas entered into a first deed of trust with Countrywide KB Home Loans, LLC. Several years later, this deed of trust was assigned to Bank of America, N.A. (BANA). The homeowner became delinquent on her assessment fees to Peccole Ranch Community Association (the HOA), and the HOA, through its agent Nevada Association Services, Inc., recorded a notice of default and election to sell in December 2011. BANA, through its agent, subsequently tendered the amount of the superpriority lien to preserve its deed of trust, but the HOA trustee rejected the payment and moved forward with the property's sale. In 2014, Saticoy Bay purchased the property at the foreclosure sale.

In 2016, BANA filed a quiet title complaint in federal district court. The federal court found that BANA's deed of trust survived the foreclosure sale. This finding was based on our 2018 decision that "a first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust," even if the HOA rejects the tender. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 605, 427 P.3d 113, 116 (2018). Saticoy Bay sued respondents the HOA and its trustee, alleging misrepresentation, breach of the duty of good faith, conspiracy, and violation of NRS 113.130. Its claims hinge on the assertion that the HOA and its trustee should have disclosed BANA's tender of the superpriority lien that made Saticoy Bay's ownership of the property subject to BANA's first deed of trust. Saticoy Bay asserts

that, if it had been aware of any tender by BANA, it would not have bid on the property.

Respondents moved to dismiss the suit for noncompliance with NRS 38.310 or alternatively for dismissal for failure to state a claim or for summary judgment. The district court dismissed the case without prejudice, concluding that the action was "related to the enforcement of CC&Rs," that NRS 38.310 therefore applied, and that Saticoy Bay had filed its complaint without participating in prelitigation mediation. The district court accordingly declined to reach respondents' alternative bases for relief. Saticoy Bay appeals.

## DISCUSSION

The district court's order dismissing the action based on NRS 38.310 involves a question of statutory interpretation; we therefore review this appeal de novo. *See McKnight Fam., LLP v. Adept Mgmt. Servs., Inc.*, 129 Nev. 610, 614, 310 P.3d 555, 558 (2013). As a preliminary matter, however, we begin with respondents' contention that we lack jurisdiction to consider this matter.

*The district court's order was a final, appealable judgment*

Respondents contend that the district court's order granting the motion to dismiss in this action was not a final, appealable judgment because the case was dismissed without prejudice. The order stated that the case may be filed again if the parties were unable to successfully resolve their claims through mediation. NRAP 3A(b)(1) allows an appeal to be taken from "[a] final judgment entered in an action or proceeding commenced in the court in which the judgment is rendered." Whether a dismissal without prejudice pursuant to an exhaustion statute like NRS 38.310 is a final judgment is a question of first impression.

We have clarified that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (internal quotation marks omitted). Generally, a dismissal without prejudice expresses that the same claims could be refiled as a new case. *See* 24 Am. Jur. 2d *Dismissal* § 2 ("[T]he primary meaning of 'dismissal without prejudice' is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim.").

We have said that "a district court order dismissing a complaint with leave to amend is not final and appealable." *Bergenfield v. BAC Home Loans Servicing, LP*, 131 Nev. 683, 685, 354 P.3d 1282, 1284 (2015). Although a dismissal without prejudice is not entirely different from a general dismissal with leave to amend, that is not the case for dismissals under NRS 38.310.

Here, Saticoy Bay's case was dismissed with allowance to leave the public courts, enter mediation for its claims, and refile in the district court only if mediation fails. The district court made clear that refiling without entering mediation would mandate dismissal again in this matter. Saticoy Bay insisted—and continues to insist—that its claims do not require mediation.

In all circumstances, "[t]he finality of an order or judgment depends on what the order or judgment actually *does* . . . ." *Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (internal quotation marks omitted). NRS 38.310's prefiling requirement is not dissimilar to requirements of exhaustion of administrative remedies before filing a civil complaint. *See Nationstar Mortg., LLC v. Maplewood Springs*

*Homeowners Ass'n*, 238 F. Supp. 3d 1257, 1269 (D. Nev. 2017) (holding that "NRS 38.310 is an exhaustion statute that creates *prerequisites* for filing certain state-law claims" (emphasis added)). The effect of the district court's order here more conclusively bars Saticoy Bay from the courts than a typical dismissal without prejudice. We agree with the Eleventh Circuit's conclusion that "a 'district court's dismissal of a case without prejudice for failure to exhaust administrative remedies is a final order, giving an appellate court jurisdiction.' . . . [T]he practical effect of the district court's order here is to deny the plaintiffs judicial relief until they have exhausted their administrative remedies." *Peterson v. BMI Refractories*, 132 F.3d 1405, 1411 (11th Cir. 1998) (quoting *Kobluer v. Grp. Hospitalization & Med. Serv., Inc.*, 954 F.2d 705, 708 (11th Cir. 1992)). Therefore, we conclude that orders dismissing without prejudice on the basis of failure to comply with NRS 38.310 constitute appealable final orders subject to the jurisdiction of this court on appeal.

*NRS 38.310 did not require prefiling alternative dispute resolution in this case*

Saticoy Bay contends that its claims do not implicate NRS 38.310 because this case does not require the interpretation, application, or enforcement of any CC&Rs or HOA rules. We agree.

NRS 38.310 bars certain civil actions from being filed unless the dispute has already been submitted to alternative dispute resolution. As relevant to this case, NRS 38.310(1) provides as follows:

No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association;

SUPREME COURT
OF
NEVADA

(O) 1947A

. . .

> may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive . . . .

No alternative dispute resolution processes were undertaken before Saticoy Bay filed its complaint.

NRS 38.310(1)(a)'s bar is triggered when (1) the case is a "civil action,"[1] and (2) the action is based on claims "relating to . . . [t]he interpretation, application or enforcements" of CC&Rs or HOA rules or bylaws.[2] NRS 38.310. The parties dispute only the second prong of this portion of the statute. We take this opportunity to clarify when the second requirement is met, before applying that analysis to the facts of this case.

*Determining the scope of NRS 38.310(1)'s limitation on filing civil actions*

Saticoy Bay disputes that the district court properly dismissed its entire complaint pursuant to NRS 38.310. Our cases on whether an action relates to the interpretation, application, or enforcement of CC&Rs have left open two salient questions. First, how connected must a claim be to the CC&Rs in order to trigger NRS 38.310's requirements? Second,

---

[1]For the purposes of this statute, a civil action "includes an action for money damages or equitable relief. The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." NRS 38.300(3).

[2]This matter does not present the opportunity to determine when something analogously relates to an association's bylaws, rules, or regulations.

should courts dismiss an entire suit if a claim relates to the CC&Rs, or only those claims that are barred by the statute?

First, we clarify that a civil action falls within NRS 38.310(1)(a)'s scope if resolving the claim's merits would *require* the interpretation, application, or enforcement of CC&Rs. In *Hamm v. Arrowcreek Homeowners' Association*, 124 Nev. 290, 183 P.3d 895 (2008), this court examined a suit dismissed pursuant to NRS 38.310 that had been brought by property owners against their HOA after it had placed a lien on the property. Because the plaintiffs had explicitly asked for interpretation of the CC&Rs to see if fees must be paid on vacant lots, "resolving the merits of the [ ] complaint would require the district court to interpret the CC&Rs' meaning," and this court found that the plaintiffs "must submit their claims to arbitration or mediation before instituting an action in the district court." *Id.* at 296, 183 P.3d at 900. *Hamm* did not explicitly hold that NRS 38.310 applies only when interpreting the CC&Rs is *necessary*, but instead lists the fact that one claim required interpretation of the CC&Rs among other reasons why NRS 38.310 applied. *Id.* at 296, 183 P.3d at 900.

In *McKnight Family, LLP v. Adept Management Services, Inc.*, 129 Nev. 610, 310 P.3d 555 (2013), this court read the statute more broadly. In *McKnight*, the plaintiffs' home was sold after an HOA foreclosure, and plaintiffs brought a suit making seven claims, which were all dismissed pursuant to NRS 38.310. *Id.* at 613, 310 P.3d at 557. But, while considering whether the plaintiffs' claims under NAC 116.300, NAC 116.341,[3] NRS 116.1113, and NRS 116.3103 were barred, this court determined that these claims fell under NRS 38.310 because they "required the district court to

---

[3]NAC 116.300 is now NAC 116A.320, and NAC 116.341 is now NAC 116A.345.

interpret *regulations and statutes* that contained conditions and restrictions applicable to residential property." *Id.* at 615, 310 P.3d at 558 (emphasis added). We conclude that this language in *McKnight* improperly extended the scope of NRS 38.310 by treating "covenants, conditions, or restrictions" as a term encompassing *all* conditions and restrictions on property, no matter their source. NRS 38.310, in using the phrase "covenants, conditions or restrictions," utilizes a term of art for those rules contained in an HOA's recorded declaration or deed and enforceable through the association's power to impose sanctions. *See* NRS 116.2105; NRS 116.3102(3); *cf. Hawk v. PC Vill. Ass'n, Inc.*, 309 P.3d 918, 922 (Ariz. Ct. App. 2013) ("CC & Rs [sic] are contracts that create enforceable property rights and obligations that may run with the land.").

Holding that any statute or regulation which conditions or restricts residential property falls within NRS 38.310's scope would expand the statute to include claims based on dozens of restrictions that have nothing to do with common-interest communities' CC&Rs. The only way of reading the statute to cover non-CC&R restrictions is to willfully ignore that "covenants, conditions, or restrictions" as used in the statute is a term of art with a specific meaning. A primary duty of courts is to interpret, apply, and enforce a jurisdiction's statutes and regulations. The CC&Rs that NRS 38.310 refers to are not such statutes and regulations, but rather private contracts—and a specific kind of private contract that the Legislature has decided should be subject to mediation before coming into court. As we stated in *Hamm*, "NRS 38.310 expresses Nevada's public policy favoring arbitration of disputes involving the interpretation and enforcement of CC&Rs." 124 Nev. at 299 n.34, 183 P.3d at 902 n.34.

Accordingly, we clarify that, under NRS 38.310, a claim does not relate to the CC&Rs unless deciding the claim *requires* interpreting, applying, or enforcing the CC&Rs. *See id.* at 295-96, 183 P.3d at 900. This interpretation does not significantly narrow the statute's scope or redefine the broad phrase "relating to."[4] A district court tasked, even in part, with resolving a claim through interpreting, applying, or enforcing CC&Rs would necessarily consider those CC&Rs. Given the policy justification expressed in *Hamm*, the statute certainly does not encompass every claim where a decision-maker might, in passing, look at the CC&Rs or a claim with a passing connection to the CC&Rs. Rather, the statute's function is to prevent a court from having to insert itself into the weeds of HOA CC&R disputes, unless the parties have already tried and failed to resolve the dispute through mediation. Therefore, only in disputes where the claim itself requires—not where the facts surrounding the claim merely involve—the interpretation, application, or enforcement CC&Rs, does the claim relate to the CC&Rs for the purposes of NRS 38.310.

Next, we turn to our second question: may a court dismiss only *some* claims in a complaint for noncompliance with NRS 38.310? The statute refers to a "civil action based upon a claim relating to" the CC&Rs. However, many civil suits bring a variety of claims together against the same party, only some of which might have any connection to the CC&Rs.

---

[4]*See Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. ___, ___, 138 S. Ct. 1752, 1760 (2018) ("Use of the word 'respecting' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject. . . . [W]hen asked to interpret statutory language including the phrase 'relating to,' which is one of the meanings of 'respecting,' this Court has typically read the relevant text expansively.").

SUPREME COURT
OF
NEVADA

(O) 1947A

We hold that, under NRS 38.310, a district court must only dismiss those claims that fall within NRS 38.310's scope and do not comply with its requirements—leaving any remaining claims to proceed in the court. In *Hamm*, this court did not explicitly address whether each cause of action in the complaint fell under NRS 38.310. *See Hamm*, 124 Nev. at 295-96, 183 P.3d 895, 900 (analyzing the "complaint" overall, rather than each claim therein). However, in *McKnight*, this court examined, claim by claim, whether a dismissal pursuant to NRS 38.310 was appropriate. But in *McKnight*, this court only explicitly addressed whether each claim was a "civil action," while addressing whether the CC&Rs were sufficiently implicated for three of the seven claims. *McKnight*, 129 Nev. at 615-17, 310 P.3d at 558-60. This was in error; the court only "showed its work" for half of the questions it should have addressed. In analyzing whether dismissal under NRS 38.310(1) is warranted, courts must consider whether each claim requires the district court to interpret, apply, or enforce an association's CC&Rs in order to resolve the claim (and, if relevant, whether the claim falls into one of NRS 38.310's exceptions).

*The district court erred in dismissing this action*

Now, we consider whether the district court abused its discretion in finding that NRS 38.310(1) mandated dismissal of Saticoy Bay's complaint. Saticoy Bay brought four claims: misrepresentation, breach of the duty of good faith under NRS 116.1113, conspiracy, and violation of NRS 113.130. Each claim falls within the definition of civil action under NRS 38.300. The district court found that NRS 38.310 required dismissal because the statute was "implicated in the instant case," the case did not fall under any exception to the statute, and "under the *McKnight* case, the Supreme Court reads NRS 38.310(a) fairly broadly." We

(O) 1947A

conclude this was incorrect, because no claim required the district court to interpret, apply, or enforce the CC&Rs.

Saticoy Bay first claimed intentional or, alternatively, negligent misrepresentation by the HOA and the HOA trustee. Saticoy Bay argued that respondents did not disclose BANA's attempt to satisfy the superpriority lien because they did not want prospective purchasers like Saticoy Bay to know that the property might be subject to the first deed of trust. Of course, the sale happened because the homeowner did not pay HOA fees due, which are required in the HOA's CC&Rs. Thus, the claim's factual background *involved* the CC&Rs. But mere involvement is not enough to make a claim fall within the statute. The claim hinges on an allegation that respondents breached a duty they owed to Saticoy Bay before Saticoy Bay purchased the property, i.e., to disclose BANA's tender offer. The duty supposed by this claim originated in common law, not the CC&Rs. In *McKnight*, we said that a wrongful foreclosure claim was barred by NRS 38.310 because it challenged the *authority* behind the foreclosure, which derived from the CC&Rs. 129 Nev. at 616, 310 P.3d at 559. In contrast, Saticoy Bay does not argue that the HOA lacked the authority to foreclose on the property, just that it misrepresented the property it was selling. As a result, this claim could be resolved without interpreting the CC&Rs and therefore falls outside NRS 38.310's scope.

Saticoy Bay next claimed a violation of NRS 116.1113's duty of good faith. This claim, too, is dependent on a prepurchase nondisclosure which would not require analysis of the CC&Rs. This claim has nothing to do with the foreclosure sale authority or any duties under the CC&Rs. Respondents argue that *McKnight* supports their contention that the NRS 116.1113 breach-of-good-faith claim was properly dismissed under NRS

38.310. This is incorrect for two reasons. First, the breach-of-good-faith claim in *McKnight* related to the allegation that the HOA should not have foreclosed on the plaintiffs' property under authority of the CC&Rs. 129 Nev. at 616, 310 P.3d at 559. That differs from this matter, where a purchaser at a foreclosure sale is suing based on a breach of good faith related to nondisclosure that does not involve whether the HOA or the homeowner complied with the CC&Rs. Second, as discussed above, *McKnight* wrongly suggested that NRS 116.1113 *itself* was a condition or restriction on residential property as referred to in NRS 38.310(1)(a), and respondents cannot rely on *McKnight*'s mistake.

Saticoy Bay next claimed conspiracy, alleging that the HOA and HOA trustee conspired to commit the wrongs alleged in its first two claims. As with those claims, the alleged conspiracy does not require looking to the CC&Rs for resolution, and respondents have not shown that this claim involved interpreting, applying, or enforcing the CC&Rs.

Lastly, Saticoy Bay claimed that NRS Chapter 113's requirements applied to HOA foreclosure sale disclosures and that NRS Chapter 113 required the HOA to submit a real property disclosure form disclosing "defects," which would include a preexisting deed of trust. This claim does not involve a duty arising from the CC&Rs or any other provision of the CC&Rs. As noted above, statutory requirements themselves are not CC&Rs and do not trigger the limitations of NRS 38.310 unless they require interpretation, application, or enforcement of CC&Rs.

Accordingly, we conclude that because none of Saticoy Bay's claims fell within the scope of NRS 38.310, the district court erred in dismissing the claims on those grounds.

## CONCLUSION

In granting a request for dismissal pursuant to NRS 38.310(1)(a), courts should make a finding that resolving the dismissed claims would necessitate interpreting, applying, or enforcing the CC&Rs or association rules. When a court dismisses an action without prejudice under this statute, we may consider an appeal of that judgment. The district court erred in dismissing appellant's complaint under NRS 38.310 because resolving the claims would not require interpreting, applying, or enforcing respondent HOA's CC&Rs. However, the district court declined to consider the other grounds for dismissal in respondents' motion below. Therefore, we reverse the district court's order and remand for consideration of the other rationales in the respondents' motion for dismissal or summary judgment that the district court did not reach.

_____, J.
Stiglich

We concur:

_____ J.
Parraguirre

_____, J.
Silver