141 Nev., Advance Opinion 34

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL KOSOR, JR., A NEVADA RESIDENT,<br>Appellant,<br>vs.<br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; AND SOUTHERN HIGHLANDS DEVELOPMENT CORPORATION,<br>Respondents. | No. 87942<br><br>**FILED**<br><br>JUN 18 2025<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a motion for relief from judgment as jurisdictionally void. Eighth Judicial District Court, Clark County; Danielle K. Pieper, Judge.

*Affirmed.*

Hutchison & Steffen, PLLC, and Robert E. Werbicky, Las Vegas,
for Appellant.

Bravo Schrager LLP and Bradley S. Schrager and Daniel Bravo, Las Vegas;
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Gregory P. Kerr, Jordan J. Butler, and Royi Moas, Las Vegas,
for Respondent Southern Highlands Community Association.

Kemp Jones, LLP, and J. Randall Jones, Nathanael Rulis, Madison S. Florance, and Francesca M. Bergeret-Simpson, Las Vegas,
for Respondent Southern Highlands Development Corporation.

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

25- 26906

## OPINION

By the Court, PICKERING, J.:

NRS 38.300 through 38.360 create an alternative dispute resolution (ADR) program for disputes involving a residential common-interest community's covenants, conditions, or restrictions (CC&Rs). With specified exceptions, NRS 38.310 requires that parties submit CC&R-based claims to mediation or nonbinding arbitration before asserting them in court. Appellant argues that NRS 38.310 is "jurisdictional" and that, because the parties did not comply with its pre-suit ADR requirement, the district court lacked the subject matter jurisdiction needed to decide the case. We do not agree. By its terms, NRS 38.310 does not limit the district court's jurisdiction. It is a procedural claim-processing rule that must be enforced if timely invoked but that can be forfeited or waived. Because the district court had jurisdiction, despite the parties' noncompliance with NRS 38.310's ADR requirement, it properly denied appellant's motion to vacate its judgment and fee-award orders as jurisdictionally void. We therefore affirm.

### I.

Michael Kosor, Jr., is a homeowner in Southern Highlands, a Las Vegas residential common-interest community. He sued the community's homeowners' association (Southern Highlands Community Association or "the HOA") and its developer/declarant (Southern Highlands Development Corporation or "SHDC") for declaratory and injunctive relief with respect to the homeowners' right to elect the HOA's board of directors. The HOA's bylaws and CC&Rs address the composition of its board. They establish a "declarant control period," which lasts from the community's inception until 75% of its approved number of residential units are sold.

SUPREME COURT
OF
NEVADA




During this period, SHDC has the power to control the HOA's board of directors by appointing three of its five members, with the homeowners electing the other two. SHDC's power of appointment expires when the control period does. After that, the homeowners have the right to elect all five members of the board.

In district court, Kosor complained that Southern Highlands home-sale count had crossed the 75% threshold, yet SHDC continued to appoint three of the five directors, and that this violated the homeowners' voting rights. The HOA and SHDC contested both Kosor's reading of the governing documents and his math. They contended that Kosor erroneously included commercial, multi-family, and other ineligible units in his home-sale count and that, when those units were subtracted, the declarant control period remained in place. The dispute came before the district court on a series of pretrial motions—Kosor's motion for a temporary restraining order, which the district court denied as moot (the election Kosor sought to enjoin occurred before the district court could decide the motion); the HOA's and SHDC's motion to dismiss, which the district court largely denied; and Kosor's motion for summary judgment, which the district court also denied.

After it denied summary judgment, the district court set a trial date. By then, Kosor had been elected to one of the two homeowner-controlled seats on the HOA board. Citing litigation expense and potential board conflicts, Kosor filed a motion to voluntarily dismiss the action *without* prejudice, thereby avoiding trial but not conceding his position about the declarant control period having ended and the homeowners having the right to elect the full board. The HOA and SHDC agreed to dismissal but asked that it be *with* prejudice, so Kosor could not reassert the same claims in another future suit. They also asked for the fees and

costs they had incurred defending the case to that point. The district court granted both requests, dismissing the action with prejudice and awarding the HOA and SHDC their fees and costs. Kosor appealed, then withdrew his appeal. In his withdrawal notice, Kosor acknowledged that he could not "hereafter seek to reinstate this appeal and that any issues that were or could have been brought in this appeal are forever waived."

After Kosor withdrew his appeal, the case returned to district court, where the HOA and SHDC filed motions asking for substantial additional fees and costs incurred on appeal. It was then, after three years of litigation, that Kosor raised NRS 38.310 and its pre-suit ADR requirement for the first time. He did so by filing a motion under NRCP 60(b)(4), which authorizes relief from a judgment or order that is jurisdictionally void. In his motion, Kosor argued that NRS 38.310's ADR requirement is jurisdictional and that, because the parties did not comply with it, the district court had lacked subject matter jurisdiction from the start. As a result, Kosor argued, the district court must set aside its judgment and orders awarding fees and costs—and refrain from ruling on the pending motions for additional fees and costs.

The district court denied Kosor's motion. It held that NRS 38.310's ADR requirement was procedural, that Kosor's failure to submit his claims to mediation or nonbinding arbitration before asserting them in court did not affect its subject matter jurisdiction, and that its judgment and prior orders were valid and enforceable.

II.

A.

On appeal, Kosor argues that the district court should have granted his NRCP 60(b)(4) motion to vacate its judgment and fee-award orders as void, because NRS 38.310 imposes a jurisdictional requirement

that the parties never met. The HOA and SHDC counter that the statute merely adds a procedural precondition to suit and that, because it does not remove a category of cases from the purview of the court, it is not jurisdictional. We review questions of statutory interpretation and subject matter jurisdiction de novo. *See Saticoy Bay, LLC, Series 9720 Hitching Rail v. Peccole Ranch Cmty. Ass'n*, 137 Nev. 516, 518, 495 P.3d 492, 495 (2021) (statutory interpretation); *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) (subject matter jurisdiction). De novo review likewise applies to an order resolving an NRCP 60(b)(4) challenge to a judgment as jurisdictionally void where, as here, the jurisdictional facts are not in dispute. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2862, pp. 429-31 (3d ed. 2012) (discussing Fed. R. Civ. P. 60(b)(4), from which NRCP 60(b)(4) is largely drawn, and noting that, unlike motions under the other clauses of Rule 60(b), "[t]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). . . . Either a judgment is void or it is valid").[1]

B.

NRS 38.310 lies at the heart of this appeal. It states:

1. No civil action based upon a claim relating to:

---

[1]"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). This case does not present the occasion to address this standard, since we conclude that NRS 38.310 is a claim-processing rule and not jurisdictional. We also do not address whether the prior appeal and Kosor's notice of withdrawal preclude relief under NRCP 60(b)(4) based on res judicata principles, *see* 11 Wright, Miller & Kane, *supra*, at pp. 446-48 & n.17 (collecting cases), because respondents do not make that argument.

> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . .
>
> ➤may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a [dispute resolution] program [through the Nevada Real Estate Division] pursuant to the provisions of NRS 38.300 to 38.360, inclusive . . . .

NRS 38.300(3) limits the claims NRS 38.310(1) applies to by defining "civil action" to include "an action for money damages or equitable relief" but to exclude actions to quiet title or "in equity for injunctive relief in which there is an immediate threat of irreparable harm." NRS 38.310(2) further declares, "A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1 [of NRS 38.310]."

By its plain terms, NRS 38.310 requires a party to submit the CC&R-based claims it covers to mediation before asserting them in court. The question is whether the statute is "jurisdictional" or is instead a "claim-processing rule." *Fort Bend County v. Davis*, 587 U.S. 541, 548-49 (2019); *Kassebaum v. Dep't of Corr.*, 139 Nev., Adv. Op. 34, 535 P.3d 651, 655-56 (2023). "Jurisdictional" statutes are those that "describe the classes of cases a court may entertain (subject matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction)." *Fort Bend County*, 587 U.S. at 543; *see also Landreth v. Malik*, 127 Nev. 175, 183, 251 P.3d 163, 168 (2011) ("Subject matter jurisdiction is the court's authority to render a judgment in a *particular category* of case.") (internal quotation marks omitted) (emphasis added). Claim-processing rules, on the other hand, do not implicate the court's adjudicatory authority. *See Harrow v. Dep't of Defense*, 601 U.S. 480, 484, 485-86 (2024). Rather, they seek to

"promote the orderly progress of litigation by requiring that parties take certain procedural steps at certain specified times." *Fort Bend County*, 587 U.S. at 548-49 (internal quotation marks omitted); *see also Kassebaum*, 139 Nev., Adv. Op. 34, 535 P.3d at 654-55 (same).

The distinction matters. If a court lacks subject matter jurisdiction, its proceedings and any resulting judgment are void. *See Landreth*, 127 Nev. at 179, 251 P.3d at 166. Because jurisdictional requirements implicate the court's adjudicatory authority, they can be raised at any time, even after judgment, and are ordinarily not subject to waiver or forfeiture. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *see Kassebaum*, 139 Nev., Adv. Op. 34, 535 P.3d at 655. A claim-processing rule, by contrast, can be mandatory, meaning it must be enforced if timely and properly raised, but nonetheless nonjurisdictional because it can be forfeited or waived. *See Harrow*, 601 U.S. at 483-84. And because they are not jurisdictional, claim-processing rules do not render a judgment void under NRCP 60(b)(4) if their requirements are not met.

Declaring a statutory requirement "jurisdictional" carries "harsh consequences"—potentially invalidating a judgment at the behest of a party who should have complied with or contested the requirement years earlier, when the proceeding began. *Henderson*, 562 U.S. at 441; *see Fort Bend County*, 587 U.S. at 548. Past decisions have sometimes blurred the line between jurisdictional requirements and nonjurisdictional claim-processing rules. *Id.* at 547-48. As more recent cases emphasize, the jurisdictional label is properly reserved for statutes that "govern a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction." *Henderson*, 562 U.S. at 435. Under those cases, a statute must "clearly state" that it is jurisdictional to be given that effect. *Harrow*, 601 U.S. at

484; *see Kassebaum*, 139 Nev., Adv. Op. 34, 535 P.3d at 656 (a provision must "clearly indicate that it should 'be treated as having jurisdictional attributes,'" or it will be deemed a nonjurisdictional claim-processing rule) (quoting *Henderson*, 562 U.S. at 439).

## C.

The "clear statement" rule erects a "high bar." *United States v. Kwai Fun Wong*, 575 U.S. 402, 409, 410 (2015). To surmount it, "traditional rules of statutory construction must plainly show" that the legislature "imbued [the] procedural bar with jurisdictional consequences." *Id.* at 410. And "[w]here multiple plausible interpretations exist—only one of which is jurisdictional—it is difficult to make the case that the jurisdictional reading is clear." *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 205 (2022).

By this measure, NRS 38.310 does not qualify as jurisdictional. Its provisions speak to the parties' procedural obligations, not the court's authority. The statutory scheme it serves as the keystone for requires parties to submit certain HOA-related claims to a three-hour (or less) mediation session (or, if they agree, to an ADR program available through the Nevada Real Estate Division (NRED)), NRS 38.320-.340, and to include a sworn statement in their complaint that they did so, NRS 38.325(3); NRS 38.330(1), (3). But unless the claims settle or the parties agree to binding arbitration, the ADR process has no effect on the claims the parties can thereafter assert in court. In that regard, it is similar to the Title VII charge-filing, right-to-sue-letter process the Supreme Court deemed nonjurisdictional in *Fort Bend County*: The statute mandates a pre-suit review and conciliation process—an exhaustion requirement—that should be followed and must be enforced if timely asserted but that is subject to waiver and forfeiture if tardily invoked. 587 U.S. at 549-50; *see Carrington*

*Mortg. Servs., LLC v. Absolute Bus. Sols., LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016) (Order Granting the HOA's Motion to Dismiss) (stating that, "NRS 38.310 is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims").

Notably, neither NRS 38.310 nor the statutes it implements, NRS 38.300 through NRS 38.340, use the word "jurisdiction." While a statute does not need to "incant magic words" to be jurisdictional, failure to reference jurisdiction supports that it is not. *Id.* at 550. Kosor points to the "no civil action . . . may be commenced" and the "court shall dismiss" language in NRS 38.310 subsections (1) and (2). Citing *Patchak v. Zinke*, 583 U.S. 244, 251-52 (2018), he argues that this language establishes that NRS 38.310 is jurisdictional even though it does not expressly say that it is.

Kosor's reliance on *Patchak* is misplaced for two reasons. First, *Patchak* was decided by plurality vote; five of the nine justices either disagreed with or did not join the statutory-text analysis on which Kosor relies. *See Patchak*, 583 U.S. at 273-74 (Roberts, C.J., and Kennedy and Gorsuch, JJ., dissenting); *id.* at 263 (Ginsburg and Sotomayor, JJ., concurring in judgment only); *id.* at 265 (Sotomayor, J., concurring in judgment only). Second, and more fundamentally, it is the *reason* for the dismissal that renders a statute jurisdictional. The statute at issue in *Patchak*, the Gun Lake Act, provided that the federal courts cannot hear and must dismiss cases concerning a specifically named tract of tribal land. The four justices that deemed the statute jurisdictional did so because they viewed its prohibition against the federal courts hearing cases involving this land as categorical and subject-matter based; thus, in their view, it did not concern mere procedural requirements like "a filing deadline or an

SUPREME COURT
OF
NEVADA

9

(O) 1947A

exhaustion requirement." *Id.* at 251-52; *see also Kassebaum*, 139 Nev., Adv. Op. 34, 535 P.3d at 655-56 (explaining that a regulation requiring certain criteria before appealing an agency decision was not jurisdictional because the language did "not speak to the hearing officer's adjudicatory power").

Unlike the statutes at issue in *Patchak*, which mandated dismissal based on the subject matter of the suit, dismissal under NRS 38.310(2) has a procedural trigger, namely, the failure to submit the claim to mediation or arbitration before filing it in district court. The text does not suggest that a disagreement over an HOA's "covenants, conditions or restrictions" or "bylaws, rules or regulations" is somehow *not* a type of dispute within district courts' subject matter jurisdiction. To the contrary, the CC&Rs that NRS 38.310 refers to are "a specific kind of private contract that the Legislature has decided should be subject to mediation before coming into court." *Saticoy Bay, LLC, Series 9720 Hitching Rail*, 137 Nev. at 523, 495 P.3d at 498. Nevada's district courts have general jurisdiction in all cases, except those the legislature has assigned to justice courts. *See* Nev. Const. art. 6, § 6(1) ("The District Courts in the several Judicial Districts of this State have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts."). That jurisdiction extends to private contract disputes unless assigned to justice court, *see* NRS 4.370(1)(a), which is not the case here. There is no suggestion in the text of NRS 38.310 that an action relating to an HOA's CC&Rs is outside of the court's jurisdiction before submitting the dispute to mediation, but somehow within it afterwards. *See Thomas v. MEI-GSR Holdings, LLC*, No. 70498, 2018 WL 1129664 (Nev. Feb. 26, 2018) (Order Reversing and Remanding) (stating that "nothing in the text of NRS 38.310 provides that

mediation or arbitration is required before the court may obtain jurisdiction over an action for which it would otherwise have jurisdiction").

The phrase "the court shall dismiss" is doubtless mandatory. But that begs the core question: Does this language limit the district court's discretion, requiring the court to enforce the ADR requirement when noncompliance is timely challenged, or jurisdictional, such that the requirement cannot be waived and can be raised at any time, even after judgment? When the legislature passes statutes governing court procedures, it does so "against the backdrop of judicial doctrines creating exceptions, and typically expects those doctrines to apply." *Harrow*, 601 U.S. at 483. NRS 38.310's ADR requirement promotes efficiency by encouraging parties to resolve their disputes without litigation if possible. To treat the ADR requirement as jurisdictional would disserve the very interest in dispute-resolution efficiency it seeks to advance. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 418 (2023). As this case illustrates, jurisdictional treatment would undo the result of years spent litigating a dispute to final conclusion and give the losing party a do-over. Absent clear jurisdictional language, we decline to read NRS 38.310 to support that result.

Finally, we note that NRS 38.310 is subject to multiple exceptions. Specifically excluded from its ADR requirement are actions seeking to quiet title or "for injunctive relief in which there is an immediate threat of irreparable harm. *See* NRS 38.300(3).[2] And, by its express terms,

---

[2]On appeal, the HOA and SHDC argue that, since Kosor sought a temporary restraining order and injunctive relief, albeit unsuccessfully, this took his claims outside NRS 38.310 because Kosor asserted in both his original and amended complaints that he and the other homeowners faced

SUPREME COURT
OF
NEVADA

(O) 1947A

NRS 38.310 only applies to claims "relating to" the "interpretation, application or enforcement" of an HOA's CC&Rs, bylaws, or rules and regulations. The "relating to" language requires a claim-by-claim assessment: "[O]nly in disputes where the claim itself requires—not where the facts surrounding the claim merely involve—the interpretation, application, or enforcement [of] CC&Rs," bylaws, rules, or regulations does NRS 38.310 apply. *Saticoy Bay, LLC, Series 9720 Hitching Rail*, 137 Nev. at 522, 495 P.3d at 498. Statutory exceptions excusing compliance in certain circumstances support that the rule at issue is not jurisdictional. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 165 (2010) (deeming the federal copyright statute's registration requirement nonjurisdictional because, although couched in mandatory terms, the statute was subject to express exceptions and "[i]t would be . . . unusual to ascribe jurisdictional significance to a condition subject to [such] exceptions"); *Kassebaum*, 139 Nev., Adv. Op. 34, 535 P.3d at 655-56 (noting that a provision excusing compliance with a requirement under certain circumstances suggested that the requirement was not "necessary to invoke the hearing officer's authority" and thus was not jurisdictional).

D.

Last, Kosor maintains that this court has treated similarly phrased statutes as jurisdictional, citing the affidavit-of-merit requirements in NRS 41A.071 and NRS 11.258 and the provision NRS 233B.130 and other like statutes make for judicial review of agency

---

an immediate threat of irreparable harm. Because the district court resolved this case based on NRS 38.310 being a claim-processing rule, which we affirm, we do not address this argument.

Supreme Court
of
Nevada

12

decisions in contested cases. These statutes and the caselaw construing them, however, do not support that NRS 38.310 is jurisdictional.

NRS 41A.071 imposes an affidavit-of-merit requirement for medical malpractice actions and provides that a court "shall dismiss" an action that is filed without the required affidavit. NRS 11.258 and NRS 11.259 impose a similar, though not identical, affidavit requirement in nonresidential construction cases and provide for dismissal if the requirement is not met. Although our precedent addressing those statutes makes clear that a complaint filed without the required affidavit is "void ab initio" and must be dismissed, we did *not* discuss jurisdiction in those cases. *See Otak Nev., LLC v. Eighth Jud. Dist. Ct.*, 127 Nev. 593, 599, 260 P.3d 408, 411-12 (2011) (discussing NRS 11.258 and NRS 11.259); *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 122 Nev. 1298, 1306, 148 P.3d 790, 795 (2006) (discussing NRS 41A.071). To the contrary, both cases focused on dismissing a complaint without leave to amend, not jurisdiction. And because the statutory defenses at issue were timely raised in each of those cases, whether the statutes were jurisdictional was not outcome-determinative and may not be inferred. *See Otak Nev.*, 127 Nev. at 596, 260 P.3d at 410 (observing that defendant raised noncompliance with NRS 11.258 in motion to dismiss directly after being served with amended complaint); *Washoe Med. Ctr.*, 122 Nev. at 1301, 148 P.3d at 792 (observing that defendant raised noncompliance with NRS 41A.071 in motion to dismiss directly after being served with complaint); *cf. Crosstex Energy Servs. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391-93 (Tex. 2014) (construing a statutory certificate-of-merit requirement as mandatory but not jurisdictional).

(0) 1947A

Kosor's reliance on NRS 233B.130 is equally misplaced. NRS 233B.130 requires the exhaustion of administrative remedies before filing a petition for judicial review of a final agency decision in a contested case, specifying that, in general, "only the decision at the highest level is reviewable." NRS 233B.130(1). But requiring a party to obtain a final agency decision before filing a petition for judicial review implicates subject matter jurisdiction and/or ripeness in a way that does not translate to the private-contract-law causes of action NRS 38.310 concerns. *See Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571-72, 170 P.3d 989, 993-94 (2007) (addressing, in both jurisdictional and justiciability terms, the requirement that an agency decision be final before a petition for judicial review may be filed). NRS 233B.130 creates a statutory right of judicial review in favor of a party who is "[a]ggrieved by a *final decision*" by an agency. NRS 233B.130(1)(b) (emphasis added). So long as administrative remedies have not been exhausted, the agency's decision cannot be considered "final." *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (concluding that there was no subject matter jurisdiction over claims of class members who had not participated in agency proceedings because "the statute empowers district courts to review a *particular type* of decision by the Secretary, *that type being those which are 'final'* and 'made after a hearing'") (emphases added); *Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) (noting that "[c]ourts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review"). Thus, statutes requiring a party to obtain a final agency decision on the merits before filing a petition seeking judicial review of that decision are properly considered jurisdictional, because NRS 233B.130 statutorily creates an appellate

review process over agency decisions and such petitions are otherwise nonjusticiable since, without a final agency decision, the decision could change, making judicial review premature.

NRS 38.310(1), by contrast, does not provide for "review" of a "final" decision. Rather, it imposes a procedural precondition to a suit asserting certain contract-based claims. *Saticoy Bay, LLC, Series 9720 Hitching Rail*, 137 Nev. at 523, 495 P.3d at 498. If mediation or nonbinding arbitration fails, the claim thereafter asserted in court is unaffected by the prefiling ADR process. Where exhaustion is conciliatory and does not affect the nature of the claim—here, the proper interpretation of the HOA's bylaws and CC&Rs—the exhaustion requirement is merely procedural, and the statute requiring it is a claims-processing rule.

### III.

Applying the clear-statement rule, NRS 38.310 is not jurisdictional but a claims-processing rule. The district court had jurisdiction to enter judgment against Kosor and to award fees and costs in favor of the HOA and SHDC. It properly denied Kosor's NRCP 60(b)(4) motion challenging its judgment and orders as jurisdictionally void. We therefore affirm.

_____Pickering_____, J.
Pickering

We concur:

_____Cadish_____, J.
Cadish

_____Lee_____, J.
Lee